## Sanford *v.* Sanford.

In the Court below,

Lois Sanford, *Plaintiff ;* Moses Sanford, and Jonathan Sanford, *Defendants.*

THIS was an action of debt on bond.

The bond was given by the defendants to the select men of the town of Woodbridge with this condition, (which was set forth in the declaration) that the obligors should support *Lois Sanford,* the plaintiff, and should also indemnify the town against her support, she being an inhabitant of the town.

The defendants pleaded the general issue ; and on the trial, the principal point was, whether this action could be sustained by *Lois Sanford,* she not being obligee, but only interested in the consideration and condition, and this appearing on the declaration ? The Court decided, that the facts stated in the declaration were insufficient in the law, and laid no foundation for a recovery in favour of the plaintiff ; and on that ground, directed the jury, to find the issue in favour of the defendant : which was accordingly done ; and the plaintiff filed a bill of exceptions.

*On a bond given to the select men of a town, conditioned for the support of one of its inhabitants, an action cannot be sustained in the name of such inhabitant.*

*The facts stated in the declaration being proved, the Court will not direct the jury to find for the defendant, because the declaration is insufficient.*

*Daggett* and *Smith,* (of New-Haven) for the plaintiff, contended,

1. That the Court certainly should have directed the jury to find for the plaintiff, if the issue was proved ; and then the judgment, on the view of the record, would have been given for the defendant, if the declaration was bad.

2. That the declaration was good. A person interested in

1807.

SANFORD
v.
SANFORD.

the promise may maintain an action on the promise. *Dutton* v. *Poole,* (a) *Green* v. *Horne,* (b) *Lowther* v. *Kelly,* (c) *Martin* v. *Hind,* (d) *Marchington* v. *Vernon,* (e) and *Catlin* v. *Allen,* before the Circuit Court of the United States in Vermont, were cited.

*Ingersoll,* and *Bristol,* for the defendants, contended,

1. That the pleadings put in issue the *indebtedness* of the defendants to *Lois Sanford ;* and that the Court had properly directed the jury, that the facts agreed on did not authorize them to find that issue in favour of the plaintiff.

2. That the bringing of a writ of error for a supposed misdirection of the jury, was *novel* in judicial proceedings ; and in analogy to motions for new trials, the ordinary remedy for misdirection of the jury, the judgment ought not to be reversed, if the Court should think, that *Lois Sanford* can never recover judgment on the bond.

As to the first point—*Lois Sanford* is no party to the contract ; and therefore cannot sue on the bond. Though interested in the condition of the bond, yet in a court of law her rights are not recognized, or made the subject of legal consideration. She could not receive payment of the bond, or discharge it ; nor can she, in a court of law, be viewed as having any interest whatever in the contract.

If she has any interest whatever in the bond, it is a mere equity, and cannot be regarded at law, as courts of law act only on *legal rights.* (f) This must be true, or the whole distinction between courts of law and of equity is unfounded;

(a) 1 *Vent.* 318. 332. S. C. *T. Raym.* 302.
(b) *Comb.* 219.
(c) 8 *Mod.* 117.
(d) *Cowp.* 443.
(e) 1 *Bos. and Pul.* 101, note (c).
(f) 7 *Term Rep.* 665, *Bauerman* v. *Radenius.*

The proposition we contend for, *viz.* That none but the parties, and those who represent them, can maintain an action on a specialty, is proved incontestibly by authorities.*(g)*

The case of *Dotton* v. *Poole*, relied on by the opposite counsel, was upon a parol agreement; and does not interfere with the doctrine we contend for. That case turned on the sufficiency of the consideration for the promise; and it does not appear, that the promise to the daughter was not sufficiently direct to enable her to sue upon the agreement.

The case of *Green* v. *Horn* is misreported in *Comberbach*, from which it is cited, as appears from the report of the same case in 1 *Salk.* 197.

In opposition to the doctrine we contend for, has been cited a case decided in the Circuit Court of Vermont, where a lady for whose benefit a bond was given, though no party to the obligation, was permitted to maintain an action on the bond. This is an anomalous case, contrary to the whole current of British authorities. With great deference to the judge who decided it, it is believed the decision is not law. It is understood, a contrary opinion was expressed by Judge CHASE, the term before this case was decided.

To suffer *Lois Sanford* to sue on the bond would be doing violence to the very nature of the contract. In the bond the defendants acknowledge themselves bound to the town of Woodbridge, in the sum of £ 500. This obligation is *defeasible* upon the performance of certain things contained in the condition of the bond. If, however, the conditions are not performed, the bond becomes absolute; and the liability of the obligors, *the same*, as if no condition whatever had been annexed to the obligation.

1807.

SANFORD
*v.*
SANFORD.

(g) 1 *Shep. Touch.* 171. 1 *Bac. Abr.* 532. *Yelv* 177. *Bull. N P.* 158. 1 *Roll. Rep.* 196. 3 *Bulst.* 29. 1 *East* 497. 3 *Bos. and Pul.* 147. 1 *Lev.* 235. 2 *Inst.* 673. *Cro. Eliz.* 369. 1 *Stra.* 592. 1 *Ventr.* 6. 2 *Keb.* 457, 527.

1807.

SANFORD
v.
SANFORD.

A recovery in this case connot be pleaded in bar of the town of Woodbridge. Their rights cannot be affected by the present case.

THE COURT reversed the judgment, on the ground, that the sufficiency of the declaration should not have been left to the jury. It was understood, that they decided against the action.

## Smith v. Huntington.

### In the Court below,

JOSEPH SMITH, *Plaintiff*; JOSHUA HUNTINGTON, *Defendant*.

In an action against the sheriff for an escape, the defendant pleaded, that the prisoner had taken the poor debtor's oath, &c. in which plea, he averred that the prisoner prayed out *a proper citation and notification* to the creditor to appear, &c. Held, on an exception to the plea for want of a more particular description, that the same was sufficient.

A citation by a poor debtor to his creditor to appear before A. B. justice of the peace, or *some other proper authority*, is legal, though not returned to A. B.

A poor debtor cannot be detained in prison, after taking the oath, unless money be left for his support.

THIS was an action against the defendant, as sheriff of the County of New-London, for the escape of one *John Fernald*, committed on an execution in favour of the plaintiff.

The defendant pleaded in bar, " That *Fernald*, being a poor " debtor, unable to support himself in prison, prayed out a " proper citation and notification to notify the plaintiff to ap- " pear before *Elisha Hyde*, Esquire, a justice of the peace for " New-London County, or some other proper authority, at " the dwelling-house of *Seth Minor* in Norwich, under- " keeper of said gaol, on the 12th day of August, 1805, at " *two o'clock* in the afternoon, to shew cause," &c. That the plaintiff being an inhabitant of the state of New-Hampshire, service of such citation was made by leaving a copy with *James Lanman*, Esquire, his attorney of record : That the same " being so served, was returned to *Asa Spalding*, Es- " quire, who then was a justice of the peace for said County:"