The opinion of the court was delivered by
Duncan, J.
This is an appeal from the decree of 'Judge Rogers, who decided in favour of the plaintiff generally; merely for *241 the purpose of having the whole case brought before this court and disposed of.
The topics here- discussed have been principally on the form of the declaration, which the defendants contend is so substantially vitious that no verdict could cure it, and on the misjoinder; uniting in the same action demands in different rights.
It is the duty of judges to preserve the forms of actions, and parties are not to be permitted to convert them by their own contrivances. Innovations of this kind should be resisted. The doctrine of pleading is founded in strong sense. Its excellence consists in its simplicity, in bringing some precise fact to issue; though certainly it has been often misapplied. A man shall not be permitted to spread his net so that with one sweep he may catch every thing: this would mislead his opponent, perplex the court and jury with multifarious and inconsistent claims, and render it necessary to render different judgments in the same action. .
The objections to the declaration here,.are, that they jumble together articles made with the testator, containing his own covenants and different covenants with the executors, on their personal agreement with different persons; on which no good verdict can be rendered, and on which it would be necessary to render several judgments very distinct in their nature, and issue execution in different rights, and which, in the distribution of assets, would make a contract of the executors to come in as a specialty debt.
This declaration is open to all these objections, and is incurable. The first count is on a covenant entered into between Daniel Strohecker, as the agent of John Strohecker and Daniel Oarver, lawfully authorized to make these covenants with the testator, and they allege an execution of the contract by the conveyance made by his executors to John Strohecker and John Oarver, and that they, as executors, entered into a covenant of general warranty; and they allege a breach in the covenant of seisin in Thomas . Grant’s life, and a breach of their own covenants of warranty, as executors. Now, this is all misconceived; for where a covenant is made by one man for the benefit of another, the action must be brought in his name who made the covenant, and not the person benefited thereby. Not so in assumpsit; for there the person for whose benefit the promise is made may support the action. On the covenant of seisin by Thomas Grant, and the eviction under a title from himself, the whole money paid is recoverable. The injury is not a nominal but a permanent one, and affords one cause of action: it would have been different if there had been no eviction, for there the damages would be nominal, and the real damages sustained afterwards might be recovered. The covenant was broken, once for all, and all possible damages sustained. There could be no joinder of action, because, in the covenant of general warranty which'the executors entered into, they individually, jointly and severally bound themselves, and. this would absorb the *242 implied covenant in the words grant, bargain, and sell. On this count, then the -judgment, if the count be good, must be several, against them in their own right, and the execution of their own proper goods; and against them, as executors de bonis testatoris, on the second count; and, if this judgment was recovered against them on the covenants in their deed, and could be de bonis testatoris, that it would be of the assets, as a specialty debt, or a specialty of the executors, and not of the testator.
The second count, which is principally relied on by the plaintiff, is on the covenant in the articles of agreement with Thomas Grant. This states an agreement between John Strohecker and John Garver and Thomas Grant. Whereas the articles, of which proferí was made, was one between Thomas Grant and Daniel Strohecker; besides, it could not be joined with an action in which Daniel could alone be the legal party.
The third count, is on the conveyance made by the defendants to the plaintiff, and purports to be on the general warranty, in their character of executors. Whereas the covenant is, “ that they, the said George, Deborah, and William, and their heirs, the aforesaid tract of land, shall and will warrant, and for ever defend, against all persons.” It is not, that the estate of Thomas Grant, shall warrant and defend, or that they, as executors, shall warrant and defend, but that they and their heirs shall do so.
The action against the defendants on their own covenants, cannot be joined with one against them |n the covenants of the testator; the plea and judgment could not be the same, and that always designates where actions may be joined. Gilb. H. C. P. 7. 2 Wils. 921. But a plaintiff can no more join an action in his own right with one as executor, than he can against a man in his own right, and as executor. Cook, 235. L. R. 891. 2 Stra. 1271.
The ease from Strange and Raymond certainly proves, that a count for money had and received to the executor’s use, as such, may be joined to one for money had and received to the use of the testator, or, at least, that a verdict will cure it; and that a count on a promise by the executor, as such, may be joined with'a promise made by the testator; but declarations on bare assumpsits, are widely different. A defendant who promises out of the assets, promises as executor. The judgment against him would be de bonis testatoris, but not so of bonds; for a bond given to the executor, cannot be joined in an action on a bond given to the testator; and, in tracing up this joinder of actions, this doctrine will be found to prevail. This declaration is bad; no verdict can cure it; no judgment can be rendered on any one count, for the evidence given could not support any one count. And then this joinder of persons, and of different things, cannot be cured by verdict. Here the action was not tried against George, Deborah, and William Grant, but Martin Weaver, administrator, with the will annexed. The court will refrain from giving any opinion, as to the nature of *243 the action, that might be supported against the defendants, or whether any could, and what would in any court be the extent of damages recoverable. It is here a matter worthy of consideration, whether, as these covenants for title, all Of which run with the land and pass to the assignees by the common law, who may have an action against the vendor and his representatives. 1 Rolls. Ab. 521. Corke Charees, 503, 5. Sir W. Jones, 406. Sudg. Vend. , and as the covenants relate to the land, and were unbroken in the lifetime of George Kremer, and so long as the seller had not a good title there is a continuing breach, and it is not like a covenant to do an act of solitary performance, which not being done, the covenant is broken once for all, an action could be supported in the name of the present plaintiff, who has no title to the land, or by any one; as the assignee has received satisfaction for the covenants broken. These, however, are mere suggestions, not matters decided, or on which the court have given any opinion; but, for the reasons stated above, the judgment is reversed.
Judgment reversed.