The society of CHAPLIN *against* CANADA :

## IN ERROR.

Promissory notes not negotiable, in regard to the form of action and the mode of declaring, are, in this state, to be treated as specialties.

In a suit on a specialty, executed to one person in trust for the benefit of another, the action must be brought in the name of the person having the legal title.

Therefore, where *A.* made a promissory note, expressing the consideration on which it was founded, for thirty-three dollars, payable to *B. C.* and *D.*, as trustees for the society of *E.*; and an action was brought thereon in the name of such society; it was held, that such action could not be sustained; the trustees, who had the legal title, being the only persons entitled to bring the action.

THIS was an action on a promissory note of the tenor following :

$33 34.                           " *Mansfield, Feb.* 6*th,* 1811.

For value received, in the discharge of a subscription for the sum of ten pounds, signed by *David Canada,* bearing date *August* 24th, 1796, for the good leases, uses and trusts, and with the limitations therein expressed and set forth, the underwritten promises to pay *Joseph Martin, Matthew Smith,* and *Francis*

*Clark,* and their successors for the time being, as trustees for the society, called and known by the name of *Chaplin,* in the town of *Mansfield,* county of *Windham,* and state of *Connecticut,* thirty-three dollars, thirty-four cents, on demand, together with interest on said sum from the 1st day of *January* 1810, till paid; as witness my hand.  *David Canada.*"

The action was brought by "the society, called and known by the name of *Chaplin,*" who prosecuted such action, by *James Utley,* their agent, against *Erastus Canada,* administrator of *David Canada.*

On the trial in the county court, on the general issue, the plaintiffs offered in evidence the note mentioned in the declaration; to the admission of which the defendant objected; but the court overruled the objection and received it in evidence. The defendant also contended, and prayed the court to decide, that if any action could be sustained on the note, it must be in the name of the survivors of the trustees, (two of them being still in life,) or of their successors in office for the time being, and not in the name of the society. But the court decided, that the plaintiffs could sustain their action as brought. After final judgment for the plaintiffs, the defendant brought a writ of error in the superior court; and the latter court reversed the judgment. The original plaintiffs then, by a motion in error, brought the record before this Court for revision.

*Goddard,* for the plaintiffs in error, contended, That this action could be sustained in the name of the society. In the first place, where a promise is made by one person to another *for the benefit* of a third person, that third person may maintain an action upon it. *Feltmakers* v. *Davis,* 1 *Bos. & Pull.* 98. *Marchington* v. *Vernon* & al. *Trin.* 27 *Geo.* 3. cited 1 *Bos. & Pull.* 101. *Dutton* v. *Poole,* 1 *Vent.* 318. 332. *Martin* v. *Hinde, Cowp.* 443. *Lowther* v. *Kelly,* 8 *Mod.* 115. *Piggott* v. *Thompson,* 3 *Bos. & Pull.* 147. and 149. n. *a.*

Secondly, this writing is not a specialty; and therefore, it was not necessary, on that ground, to bring the action in the names of the persons mentioned in it as trustees. A specialty is a special contract, whereby a sum of money is acknowledged to be due, by an instrument under seal. 2 *Bla. Comm.* 465. It has these characteristics: 1st, it must be *written;* 2ndly, *sealed;* 3dly, it must preclude enquiry into the consideration— or, in other words, it must *import a consideration;* and 4thly,

*Windham,*
*July, 1830.*

*Chaplin*
*v.*
*Canada.*

it must be declared on with a *profert.* 1 *Swift's Dig.* 174. Here, the three last mentioned characteristics were wanting. The writing, confessedly, was not sealed. Could not the consideration be enquired into ? This has frequently been done in our courts, in analogous cases. *Moore* v. *Ellsworth,* 3 *Conn. Rep.* 483. *Rossiter* v. *Marsh,* 4 *Conn. Rep.* 197. *Barkhamsted* v. *Case,* 5 *Conn. Rep.* 528. *Lawrence & al.* v. *The Stonington Bank,* 6 *Conn. Rep.* 521. *Montville* v. *Bradford,* in superior court, *July* term 1820. Is a *profert* of such a writing as this necessary ? The object of a *profert* is to enable the court to judge from *inspection,* of the sufficiency of a *deed. Stephens' Plead.* 444. 1 *Chitt. Plead.* 149. It was not necessary here for this purpose. Our *practice* does not require it. 1 *Root* 566.

Thirdly, reason, convenience and justice, as well as authority, are in favour of allowing actions to be commenced in the name of those interested in the result.

*Strong,* for the defendant, insisted, That a suit *upon the note* could not be sustained, in the name of the society of *Chaplin.* First, this is a specialty, notes not negotiable being so regarded in this state. *Slocum* v. *Sanford,* 2 *Conn. Rep.* 533. 1 *Swift's Syst.* 339. 1 *Swift's Dig.* 429.

Secondly, if a specialty, the action must be in the name of the trustees. 1 *Chitt. Plead.* 4. *Anderson* v. *Martindale,* 1 *East* 497. *Offly* v. *Warde,* 1 *Lev.* 235. *Sanford* v. *Sanford,* 2 *Day* 560. *Rolls* v. *Yate, Yelv.* 177. *Scott* v. *Goodwin,* 1 *Bos. & Pull.* 67.

Thirdly, were this a negotiable note, the action must be in the name of the trustees. They only would have power to indorse it. *Chitt. Bills* 160. 1 *Selw. N. P.* 337. (4th ed.) Payment should be made to them. *Chitt. Bills* 358. And they, according to the practice as well as the authorities, are the proper persons to sue upon it. *Chitt. Bills* 358. *Smith* v. *Kendal,* 1 *Esp. Rep.* 231. *Randall* v. *Bell,* 1 *Mau. & Selw.* 723. *Buffum* v. *Chadwick,* 8 *Mass. Rep.* 103.

BISSELL, J. The general question raised upon this record, is, whether the plaintiffs can maintain an action on the note set forth in their declaration.

The note, after expressing the consideration on which it is founded, is made payable to *Joseph Martin, Matthew Smith* and

*Francis Clark*, and their successors for the time being, as trustees for the society of *Chaplin.* The action is brought in the name of the society, for whose benefit the note was, unquestionably, given. Two questions arise. 1. Is the note in question a specialty? 2. And if so, in whom is the legal title?

1. Is the note, according to the laws and settled practice of this state, a specialty, or in the nature of a specialty? Whether a note of hand, expressed to be *for value received,* stands on the same ground, in *Connecticut,* as an instrument under seal, absolutely importing a consideration, is a question not necessarily involved in the decision of this case. I purposely avoid expressing any opinion on the point. It is sufficient, that so far as regards the form of action, and the mode of declaring, notes not negotiable, have ever, in this state, been treated as specialties. They have been, uniformly, declared on with a *profert,* in the same manner as instruments under seal. *Slocum* v. *Sanford,* 2 *Conn. Rep.* 533. 535. *Swift's Ev.* 339. 1 *Swift's Dig.* 429. This being so, the action should be brought in the name of the person having the legal title. *Anderson* v. *Martindale,* 1 *East,* 497. *Scott* v. *Godwin,* 1 *Bos. & Pull.* 67. *Dawes* v. *Peck,* 8 *Term Rep.* 332. *Sanford* v. *Sanford,* 2 *Day* 559. 1 *Chitt. Plead.* 4.

2. In whom, then, is the legal interest of this note? This is, clearly, in the trustees; although the beneficial interest may be in the society. To them it was made payable. Had the note been negotiable, they alone could have indorsed it; and they alone are authorized to sue.

I am, therefore, of opinion, that the present action cannot be maintained; and that there is nothing erroneous in the judgment of the superior court.

The other Judges were of the same opinion.

Judgment affirmed.