JOHN C. HAGER, Appellant, *v.* RICHARD PHILLIPS, Appellee.

### APPEAL FROM MORGAN.

If a deed be *inter partes,* that is, on the face of it, expressly describe and denote who are the parties to it, (as between A. of the first part, and B. of the second part,) C. cannot sue thereon, although the obligation purport to be made for his sole advantage, and contain an express covenant with him to perform an act for his benefit.

THIS cause was heard before WOODSON, Judge, at November term, 1851, of the Morgan Circuit Court.

M. McCONNEL, for appellant.

W. BROWN and D. A. SMITH, for appellee.

TREAT, C. J. This was an action of covenant brought by Hager against Phillips. The declaration was on an indenture executed on the 8th of September, 1830, by Bennell and Wilson, as overseers of the poor of Mill creek township, Hamilton county, Ohio, of one part, and the defendant of the other part; whereby the overseers bound the plaintiff, then six years of age, as an apprentice to the defendant until the 11th of May, 1845; and the defendant agreed to instruct the plaintiff in farming, reading, writing, and arithmetic, and give him, at the expiration of his term of service, a new bible, two suits of common wearing apparel, and a horse, saddle, and bridle, worth $40. The breaches assigned were, that the defendant did not instruct the plaintiff according to the terms of the indenture; and that he did not furnish him with the articles of property specified therein. The court sustained a demurrer to the declaration, and rendered judgment for the defendant in bar of the action.

It is very clear that the plaintiff cannot maintain an action on the indenture. He was not a party to the instrument, and, in the absence of express statutory authority, has no right to sue upon it in his own name. The suit must be brought in the names of Bennell and Wilson, or their successors in office, in whom the legal interest is vested. The law on this subject is thus stated by Chitty: " It is a technical and inflexible rule, that if a deed be *inter partes*, that is, on the face of it expressly describe and denote who are the parties to it, (as between A. of the first part, and B. of the second part,) C. cannot sue thereon, although the obligation purport to be made for his sole advan-

Hager *v.* Phillips.

tage, and contain an express covenant with him to perform an act for his benefit." 1 Chitty's Pl. 3.    The same principle was asserted in Barford *v.* Stuckey, 2 Brod. & Bing. 333; Berkley *v.* Hardy, 5 Barn. & Cress. 355; Strohecker *v.* Grant, 16 Serg. & Rawle, 237; Sanford *v.* Sanford, 2 Day, 559; Chaplin *v.* Canada, 8 Conn. 286.

The judgment is affirmed.

*Judgment affirmed.*