## OLIVER CAPEN *vs.* THOMAS BARROWS, JR.

When the legal interest in a covenant and in the cause of action thereon is joint, the covenant is joint, although the covenant, in its terms, be several, or joint and several.

Thus, all the other partners must join in an action against their copartner on the covenants, not in terms either joint or several, contained in their indenture of copartnership, that the partners should devote their whole time and attention to the business, and that all the purchases, sales, transactions and accounts of the partnership should be kept in regular books.

One partner cannot maintain an action at law on the covenants in the articles of copartnership, to recover damages of his copartner for neglect of the partnership business, while there is a considerable amount due from him to his copartner, and the debts due by and to the firm, the burden of which is to be borne, and the benefit enjoyed, by the partners, in certain proportions, are not all settled.

COVENANT on the following indenture of copartnership, executed by the plaintiff and defendant and John D. Clapp:

·"Articles of copartnership, made and concluded this 1st of January, A. D. 1848, by and between Oliver Capen, John D. Clapp and Thomas Barrows, Jr.

" 1st. The said parties agree to form a copartnership, the style of which shall be Capen & Co., for the purpose of transacting a general commission business in Boston, for the buying and selling of coal, hay, and any other merchandise which may be thought advisable by the said parties; their counting room to be located on Packard's Wharf, No. 220 Broad Street, in said Boston.

" 2d. The said parties are to devote their whole time and attention to the said business; are to engage in no other business, speculation or employment, save the said Capen, who is to, be allowed for his own profit and on his own account to carry on his present business with the Providence Railroad Company; and are not in any way to become liable as indorsers or otherwise, either jointly or severally, for any · person or persons or body corporate whatsoever, save as above excepted.

" 3d. The said parties are to contribute the following amounts to the capital stock of the said firm, namely: Oliver Capen the sum of $3,000, John D. Clapp the sum of $2,000, and Thomas Barrows, Jr. the sum of $5,000.

"4th. The profits and losses of the said business of the said firm are to be shared in the following proportions, viz: Oliver Capen thirteen fortieths, John D. Clapp thirteen fortieths, and Thomas Barrows fourteen fortieths; and interest is to be allowed on the capital contributed as above.

"5th. All expenses and the debit to interest account shall be debited before dividing the profits.

"6th. Neither party shall withdraw from the joint stock more than $400 during any one year, and interest shall be charged on the respective amounts thus withdrawn.

"7th. All the purchases, sales, transactions and accounts of the said firm shall be kept in regular books, which shall be kept at the counting-room of the firm, and shall at all times be open to the inspection of each of said parties and their legal representatives respectively. The said books shall be balanced, and the profits of the business made up and credited to each of the said parties, semi-annually.

"8th. Either partner is at liberty to withdraw from the firm by giving twelve months' notice of his intention so to do.

"9th. The said copartnership is to continue for the term of five years, from the first day of August eighteen hundred and forty seven, except in case of the death of either of the said parties, or as is herein provided."

Writ dated November 29th 1850. The declaration contained three counts; the first of which alleged that the defendant, in and by said indenture, covenanted with the plaintiff to devote his whole time and attention to the business therein described; but had broken this covenant. The second count alleged that the defendant, in and by said indenture, covenanted with the plaintiff, that in the care and conduct of said business he would exercise diligence and prudence, and would properly manage and attend to said business; yet that the defendant did not do so, but was neglectful and careless of said business, and did not look after and attend to the same, as a diligent and prudent man ought to do. The third count alleged that the defendant, by said indenture, covenanted with the plaintiff, that all purchases, sales, transactions and accounts of said copartnership

32*

should be kept in regular books; and that he had broken this covenant.

The defendant, among other grounds of defence, specified, 1, the non-joinder of John D. Clapp as a plaintiff; and, 2, that the plaintiff and defendant and Clapp, after the dissolution of said partnership, and after the alleged breaches of the covenants set forth in the declaration, submitted to arbitration all disputes, differences and difficulties arising out of said part- nership, and especially the several claims of the said partners upon or against the partnership, or upon or against each other, growing out of the partnership, and the several claims and demands of the partnership against the partners, severally, and to make a final settlement thereof; and that the arbitrators met and heard the parties, and on the 16th of March 1850 made their award in writing, and published the same. By this award the arbitrators adjudge and determine, in full settlement and adjustment of all claims of the several partners upon each other or upon the partnership, and of all claims and demands of the partnership upon them, respectively, that Clapp is indebted to Capen in the sum of $556.19, and to Barrows in the sum of $522.90, which he is to pay to them respectively on demand, and that Capen is indebted to Barrows in the sum of $1,203.35, which he is to pay to him on demand; and that all sums here- after realized or received from debts due to the partnership shall be divided, and all debts which shall appear to be owing by said partnership, shall be paid, in the proportions named in the articles of copartnership.

After the reading of the writ and articles of copartnership and specification of defence, the defendant objected that the plaintiff could maintain no action at law against the defendant for the causes sued for, but that the only remedy therefor, if any, was in equity; and also that this action could not be maintained, because of the non-joinder of Clapp, the third partner, as a plaintiff. And *Metcalf*, J. who presided at the trial, reserved these questions for the consideration of the full court, the parties agreeing that if these objections should be sustained, the plain- tiff should be nonsuit; otherwise, the case should stand for trial.

This case was argued and decided at November term 1853.

*C. M. Ellis,* ( *C. G. Loring* was with him,) for the plaintiff.

*A. H. Fiske,* for the defendant.

METCALF, J. It is the opinion of the court, that the defendant's covenants, declared on in this case, were made with the plaintiff and Clapp jointly and not severally, and therefore that if an action at law can be maintained on those covenants, it must be an action by the plaintiff and Clapp. It is a settled rule of construction, that when the legal interest in a covenant and in the cause of action thereon is joint, the covenant is joint, although it may, in its terms, be several or joint and several. The decisions on this subject are numerous. But instead of discussing them in detail, we prefer to state the result in the three propositions which Mr. Broom has deduced from them. " 1. Where the covenant is in its terms several, but the interest of the covenantees is joint, they must join in suing upon the covenant; this rule being in accordance with *Slingsby's case,* 5 Co. 18 *b,* and *Anderson* v. *Martindale,* 1 East, 497, both of which cases have been repeatedly recognized as law. 2. Where the covenant is in its terms expressly and positively joint, the covenantees must join in an action upon the covenant, although as between themselves their interest is several. 3. Where the language of the covenant is capable of being so construed, it shall be taken to be joint or several, according to the interest of the covenantees." Broom on Parties, 8. For a full collection and arrangement of the decisions, see also 1 Saund. (5th ed.) 153 – 155, & notes; 1 Walford on Parties, 404–416; Addison on Con. 267–272; 1 Parsons on Con. 14, 20, & notes; 45 Law Magazine, 76–89.

The present case comes within the third of the foregoing rules. The covenants in suit, not being in terms either joint or several, are capable of being construed according to the interest of the covenantees. And their interest, legal and beneficial, is clearly joint and not several. They were copartners, and the interest of each is the same in kind and amount, and each is equally injured by a breach of those covenants. And the defendant ought not to be held liable to two actions for the same breach.

There are cases in which the rules stated by Mr. Broom seem to have been misapplied. But an occasional wrong application of a principle is not a strange thing in jurisprudence; nor does it weaken either the principle itself, or the obligation of courts to adhere to it. See Ram on Legal Judgment, 190, 191; *Bennett* v. *Neale*, Wightw. 348; *Propeller Genesee Chief* v. *Fitzhugh*, 12 How. 456, 459; 1 Kent Com. (6th ed.) 477.

The plaintiff's counsel have strongly pressed upon us the case of *Dunham* v. *Gillis*, 8 Mass. 462, as an authority to the point that the covenants before us are several and not joint. In that case, Dunham, Gillis and Harrington entered into partnership for five years in the manufacture of printing ink. By their articles of agreement, Dunham was to find suitable works to carry on the business, to superintend and make sale of the ink, and to receive half the net profits. Gillis was to assist in the business, by advancing $300 for stock, which sum was to continue as a fund in the business; and at the end of the five years he was to receive back that sum with one fourth of the net profits, and to share his loss in proportion to his gain. And Harrington was to continue in the business, and for his services to receive one fourth of the net profits. It was decided that Dunham might alone maintain an action against Gillis for a breach of his covenants. The opinion of the court is thus briefly reported · " This point is settled by the case of *Tippet* v. *Hawkey*, 3 Mod. 263. Here the consideration was several. The parties contributed severally, and in different proportions, to the joint stock. Their covenants were several, and each has his several remedy for a breach." The case of *Tippet* v. *Hawkey* is thus reported: " Tippet the elder and his son covenant with John Hawkey to sell and convey land to him free from all incumbrances, and that they will levy a fine, &c. and deliver up writings. ' Item, it is agreed between the parties' that the said Hawkey shall pay to Tippet the younger so much money, &c. The action is brought in the name of both. Upon a demurrer to the declaration, it was held ill; for the duty is vested in Tippet the younger, and he only ought to have brought the action." Admitting that case to have been rightly decided, yet we cannot see how it was

decisive of *Dunham* v. *Gillis.* Tippet the elder had no beneficial interest in the money that was to be paid to his son, but only a legal interest in the covenant. But in *Dunham* v. *Gillis,* Harrington, who did not join in the action, clearly had both a legal and beneficial interest in the covenants on which Gillis was sued. Besides; the case of *Tippet* v. *Hawkey* is contrary to previous and subsequent decisions in cases that cannot be distinguished from it. See *Rolls* v. *Yate,* Yelv. 177, and 1 Bulst. 25; *Anderson* v. *Martindale,* 1 East, 497; *Barford* v. *Stuckey,* 5 Moore, 23, and 2 Brod. & Bing. 333. In each of those cases, it was decided that where there is a covenant with two or more, to pay money to one of them, they must all join in an action on the covenant; the legal interest therein and in the cause of action thereon being joint only. And Mr. Hammond suggests that *Tippet* v. *Hawkey* may have been decided on the mistaken impression that a covenantee must have a beneficial interest in a covenant, to enable him to sue on it; whereas it is a legal interest, and that only, which is necessary or sufficient for that purpose. Hammond on Parties, 23. See also *Chaplin* v. *Canada,* 8 Conn. 286. It is our opinion that *Dunham* v. *Gillis* was erroneously decided; that Gillis's covenants with Dunham and Harrington were joint and not several; and that Harrington ought to have joined in the action. It is true that the beneficial interest which Dunham had in the covenants of Gillis, and that which Harrington had, were not equal in amount, nor were they equally injured by a breach of those covenants. · Harrington was to have only one fourth of the profits which were diminished by Gillis's breach of covenant, and Dunham was to have half of them. But the fact, that they were interested in the covenants in unequal proportions, had not, in itself, any legal tendency to show that the covenants were not joint. This is conclusively shown by the case of *Bradburne* v. *Botfield,* 14 M. & W. 559. And we know of no intimation to the contrary, in any case, ancient or recent.

It is also the opinion of the court, that no action at law can be maintained in this case; and that the remedy is in equity only. The damages claimed of the defendant, for neglect of

business, should be adjusted between the partners upon a final settlement of their concerns. It appears by the award, which is relied on in the defendant's specification of defence, and which has been commented on in argument, that the defendant has a just claim, of considerable amount, against each of the other partners. And he or they, since the award was made, may have paid, or may hereafter be obliged to pay, debts of the firm, or may have received, or may hereafter receive, debts due to the firm. And according to the express terms of the award, the defendant and his partners are to bear the burden of debts paid, or enjoy the benefit of debts received, in the proportions in which they were originally interested in the partnership business. It appears, therefore, that the concerns of the firm are not closed, and that a suit at law on the defendant's covenants in the articles of copartnership will not close them. The case, then, is not within the rule which permits one partner to maintain an action at law against another. *Fanning* v. *Chadwick*, 3 Pick. 420. *Williams* v. *Henshaw*, 11 Pick. 79, and 12 Pick. 378. *Rockwell* v. *Wilder*, 4 Met. 556. On a bill in equity, all the claims of one partner against the other two or either of them, or either two against the other, including the subject of this action, may be finally adjusted. *Plaintiff nonsuit.*