## THE SHOBER AND CARQUEVILLE LITHOGRAPHING COMPANY
### *v.*
### FRANK KERTING.

*Filed at Ottawa June 16, 1883—Rehearing denied September Term, 1883.*

1. CONTRACT—*assuming the debts of another—consideration.* Where a corporation is formed, and purchases the business and assets of a firm, the members of which compose the corporation in part, which business is conducted as before the dissolution of the partnership, and the corporation, as a part of the consideration of the property and assets of the firm, assumes its debts and liabilities, the promise to pay such debts is founded on a sufficient consideration, and a creditor of the firm may maintain an action for his debt against such corporation, especially when it still continues him in the same employment out of which the debt has arisen.

2. RIGHT OF TRIAL BY JURY—*striking items from bill of particulars.* Where a party was employed by a firm to solicit orders, in which employment he continued until the firm ceased and was organized as a corporation, and afterward he continued in the same business for it without any new

special contract, and there was evidence tending to show that the corporation, in consideration of the business and assets of the firm being transferred to it, assumed the debts of the firm, and promised the party to pay him for his services rendered to the firm, it was *held*, in an action by such party against the corporation, that a motion to strike out all the items in his bill of particulars for services rendered before the organization of the corporation, was properly overruled, as he had a right to submit the question of the liability of the corporation for those services to a jury, upon the evidence.

3.  SAME—*party can not complain of irrelevant evidence brought out by himself.* Where it appears that evidence complained of was mainly called out upon cross-examination by the defendant's own counsel, he will have no right to complain, even if the evidence is irrelevant.

4.  PRACTICE IN THE SUPREME COURT—*abstract of the record—what it should contain.* Where the abstract of an appellant fails to show that he took any exception to an instruction on the trial, this court will not look into the record to see whether the abstract is correct or not, especially when no substantial objection is perceived in the instruction.

5.  EXCEPTION—*when necessary.* A party can not complain in this court of the admission of evidence, where the record fails to show that any exception was taken to it at the time, or any motion made to exclude the same.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Messrs. HUTCHINSON & PARTRIDGE, for the appellant:

The corporation never assumed the prior debts of the firm. An officer or mere agent of a corporation can not assume payment of debts without express authority from the corporation, and even with that there must be a valid consideration. *Life and Fire Ins. Co.* v. *Mechanic's Fire Ins. Co.* 7 Wend. 34; *Soper* v. *Buffalo and Rochester R. R. Co.* 19 Barb. 310; *Brown* v. *Weymouth,* 36 Maine, 414; Angell & Ames on Corp. secs. 298, 309; Story on Agency, (7th ed.) 149, 150, 151.

The declarations and admissions of the officers of a corporation are not binding on it. *Franklin Bank* v. *Stewart,* 37 Maine, 519; *Franklin Bank* v. *Cooper,* 39 id. 555; *Burnham* v. *Ellis,* id. 320.

Mr. J. N. BARKER, and Mr. A. W. GREEN, for the appellee:

If, for a good consideration, appellant agreed to pay the debts of Shober & Carqueville, that will be regarded in the light of a contract for the benefit of the creditors of Shober & Carqueville, and any such creditor may maintain an action for the breach of such contract. *Brown* v. *Strait,* 19 Ill. 88; *Wilson* v. *Bevans,* 23 id. 232.

The transfer of all the property and assets of Shober & Carqueville to the corporation, was a good consideration for its assumption of the debts of the firm.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment of the Superior Court of Cook county, in favor of Frank Kerting, the appellee, and against the Shober & Carqueville Lithographing Company, the appellant, for the sum of $1157.23, on account of commissions claimed to be due the former for soliciting and obtaining lithographing orders for the company.

The material facts essential to an understanding of the questions discussed are, in substance, as follows: On the 1st of January, 1874, and prior thereto, Charles Shober and Edward Carqueville were carrying on the lithographing business as co-partners in the city of Chicago, under the firm name of Shober & Carqueville. On that day appellee entered their service and employment for the purpose of soliciting orders for lithographing work, on which he was to receive certain specified commissions as compensation for his services. The business was continued, apparently to the satisfaction of all parties, until the 9th of April, 1877, when the partnership seems to have ceased, and a joint stock company organized in its stead, under the name of the Shober & Carqueville Lithographing Company, and the business of lithographing was thereafter carried on in the name of the

corporation substantially as it was before. The company took charge of all the partnership assets, paid some of the firm debts, and filled the old orders for work. Appellee and other employés of the firm continued in the employment of the company, as though no change had occurred.

In addition to the inference to be drawn from the foregoing facts, there is direct testimony tending to show that the appellant company, upon its organization, in consideration of the partnership property and assets having been turned over to it, undertook and agreed to pay all the firm debts, including the demand of appellee, and this was the vital and controlling question on the trial of the cause in the Superior Court, and consequently must have been equally so in the Appellate Court. Upon this and all other issues of fact both courts have found adversely to appellant, and by their finding, of course, he is concluded. It remains to consider what, if any, errors of law are presented by the record whereby the appellant has been injured or prejudiced.

It is first complained that the Superior Court erred in refusing to sustain appellant's motion to strike out of appellee's bill of particulars all items for services rendered before the organization of the corporation. There was clearly no error in this. Whether those items should have been allowed or not depended upon whether the corporation, for a valuable consideration, had assumed their payment, and this was a question appellee had a constitutional right to have submitted to a jury, which would have been defeated had the motion prevailed.

It is also objected that the court erred in admitting in evidence the admissions of the officers of the company. This objection is not well founded. No exception was taken to it at the time, nor was any motion subsequently made to exclude it. Indeed, the abstract shows that the evidence complained of was mainly called out upon cross-examination by

appellant's own counsel, and hence the company has no right to complain, even if the evidence was irrelevant, as to which we express no opinion.

The only other objection which we deem worthy of notice is that made to plaintiff's second instruction. It is as follows:

"The jury are instructed, that if they find, from the evidence, that the defendant purchased the business and assets of Shober & Carqueville, and as a part of the consideration paid therefor assumed the debts of said firm of Shober & Carqueville, that that is sufficient consideration for the promise, if one was made, to pay the debts of said firm, as aforesaid; and if you find, from the evidence, that said firm of Shober & Carqueville was indebted to the plaintiff in this case, and that the defendant assumed the same, and agreed with the plaintiff to pay the same to him for the consideration as above stated, then the plaintiff is entitled to recover the amount of such indebtedness from the defendant in this suit, unless you find, from the evidence, that the defendant has paid the same."

The abstract fails to show that any exception was taken to this instruction on the trial, and we will not stop to look into the record to see whether the abstract is correct in this respect, for, conceding it is not, we see no substantial objection to the instruction. There was clearly sufficient evidence before the court upon which to base it, and the conclusion of law which it announces, we think, is sound.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*