# N. D. C. HUME

## v.

## M. P. BROWER ET AL.

*Parties—Contract under Seal for Benefit of Third Persons—Consideration—Acceptance—Rescission.*

1. A third party may maintain an action on a contract under seal entered into between others for his benefit.

2. Under such an agreement between two parties for the payment by one of the debts of the other, whatever the consideration, any creditor of the latter may maintain an action.

3. A rescission under a reservation of the power to rescind in such a contract contained, does not affect a creditor after notice given of his acceptance, although he has since taken a note from the original debtor.

[Opinion filed June 14, 1887.]

APPEAL from the Circuit Court of Pike County; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

Messrs. A. C. MATTHEWS and H. D. L. GRIGSBY, for appellant.

When one enters into a simple contract for the benefit of another, the party for whose benefit the contract is made may sue upon the contract in his own name. Schemerhorn v. Vanderheyden, 1 Johns. 139; Elwood v. Monk, 5 Wend. 235; Arnold v. Lyman, 17 Mass. 400; Hall v. Marston, 17 Mass. 575; Brewer v. Dyer, 7 Cush. 337; Barker v. Bucklin, 2 Denio, 45; Carnegie v. Morrison, 2 Metc. 381; Eddy v. Roberts, 17 Ill. 505; Brown v. Strait, 19 Ill. 88; Bristow v. Lane, 21 Ill. 194; Struble v. Hake, 14 Ill. App. 54ó; Snell v. Ives, 85 Ill. 279; Shober v. Kerting, 107 Ill. 344. In the latter two cases, it was held that if the contract was to pay all the debts of another, without specifying any, any creditor could maintain an action.

The distinction between the form of actions on contracts under seal and those not under seal (except penal bonds), is

abolished by Sec. 19, Chap. 110, R. S. 1874, p. 776; Protection Life Ins. Co. v. Palmer, 81 Ill. 88; City of Shawneetown v. Baker, 85 Ill. 563; Adam v. Arnold, 86 Ill. 185.

Under the law as it now is, if a contract under seal is made for the benefit of a third party, the third party may maintain action for a breach in his own name. Dean v. Walker, 107 Ill. 540.

An executory contract under seal can not be altered, changed or varied by an instrument not under seal. Loach v. Farnum, 90 Ill. 368; Hume v. Taylor, 63 Ill. 43; Barnett v. Barnes, 73 Ill. 216.

When two parties enter into a contract for the benefit of a third party, it is not in their power to rescind the same after notice and acceptance by the third party, without his consent. Bishop on Contracts, Sec. 1223, and note; Wood v. McClaine, 7 Ala. 800; Taylor v. Robinson, 14 Cal. 396; Fiske v. Holmes, 41 Maine, 441.

When one bargains for another without authority, the latter may ratify or repudiate the bargain at his pleasure. Bishop on Contracts, Sec. 1223, and authorities cited in notes; 35 Ill. 40–544; 41 Ill. 323; 50 Ill. 26; 69 Ill. 575; 82 Ill. 73; 81 Ill. 607; 83 Ill. 136.

Messrs. WIKE & HIGBEE and ORR & CRAWFORD, for appellees.

PLEASANTS, P. J. Appellees, who are brothers, jointly made an agreement under seal and dated July 1, 1884, with Philip S. Brower, their father, whereby, in consideration of his leasing to them certain personal property described, consisting of live stock, farming implements and growing crops, for ninety-nine years, they bound themselves, among other things, "to pay all the debts now owing by the said party of the first part in two years" from that date. It further provided "that in case the parties of the second part fail to comply with any of the conditions of this lease, then the parties of the second part shall deliver up to the said party of the first part all the personal property or its value in money."

At that time Philip S. Brower was owing appellant $80 on a note of January 1, 1884, payable one day after date, and $28

for a cultivator purchased of him June 16th, which was not due until September 1, 1884.

Appellant claims that he was advised of this agreement by one of the sons and notified him that he accepted and ratified it, and about the first of September, 1886, he brought this suit thereon before a Justice of the Peace for the indebtedness mentioned, which was taken by appeal to the Circuit Court whereupon trial was had without a jury; the issues were found and judgment rendered for the defendants.

It has long been settled that a third party may sue on a simple contract entered into by others for his benefit, and upon such an agreement to pay all the debts of one party, any creditor of such party may maintain an action. Shober v. Kerting, 107 Ill. 344; Snell v. Ives, 85 Ill. 279. The old distinction, with reference to this right, between simple contracts and specialties, is abolished by Sec. 19, Chap. 110, R. S.; Dean v. Walker, 107 Ill. 540.

Appellees argue that the agreement here was not within the rule declared by the authorities, because (it is said) the consideration moving from the promisee to the promisors was not money, or property to be converted into money, for their payment. It was called a "lease" but it was of perishable property and for ninety-nine years. Nor do we understand that the rule limits this effect to contracts induced by any particular species of consideration. The only question is whether it is a valid contract. It is so, as respects the consideration, if supported by any that is sufficient, as between the parties, of whatever kind.

The main defense, however, was that the agreement had been rescinded, in support of which a formal instrument, duly signed and purporting to rescind it, was introduced in evidence over objection by the plaintiff. It bears no date but the testimony shows it was executed in March, 1885. If appellant had notified them of his acceptance of it, they could not effectually rescind it, as against him, without his consent. Bishop on Contracts, Sec. 1223 and notes.

But it is claimed that the provision in the agreement, last above quoted, is a reservation of the right and power to re-

scind, by which, as a substantive part of what he accepted, appellant also is bound.

It does not appear that he ever had actual notice of this provision. But if he is chargeable with such notice, we are inclined to regard it, not as a reservation to appellees of the power to rescind, but a provision for the benefit of Philip S. Brower alone, in case of breach or failure to perform on their part, for the reason that as the principal item of consideration to him was really an annuity for his life (under the name of rent), the property to be delivered, or the money value thereof, might be very considerably greater than the damages he could recover for any breach of the contract without this provision, since the value of the annuity would be constantly diminishing. Nor was it shown that they did deliver up to him all the property mentioned, or its value in money. Elwood Brower, one of the appellees, says their father took back what was then left of it, which did not include the hogs, and he could not say whether he had sold the sheep or not, and Philip S. Brower swore that the property was never in his possession after the original contract was made.

Appellees further claim that if appellant did notify them of his acceptance of the agreement, he did not abide by it, the evidence of which consists alone in the fact that he afterward took a note from his debtor for the amount standing in account. We do not consider this a repudiation of his acceptance. In view of the length of time given by the agreement for their payment of the debt, he had the right, consistently with his acceptance, so to liquidate the account when due, and thus secure interest thereon if payment should be postponed.

It is not denied that he did notify appellees of his acceptance of their agreement to pay. He never consented to its rescission, and he gave them the full time prescribed for payment.

The court below refused to hold, as asked by appellant, that there could be no rescission to impair his right, after notice given of his acceptance, without his consent. It appears to us that the finding was controlled by the view of the law indicated by such refusal, which we think was error. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*