WILLIAM E. WEBSTER

*v.*

WILLIAM FLEMING.

*Opinion filed February 17, 1899.*

1. PARTIES—*right of third party to sue in his own name on contract under seal.* A third party for whose benefit a contract is made may bring assumpsit thereon in his own name, whether the contract is simple or under seal. (*Dean* v. *Walker*, 107 Ill. 540, followed; language of *Harms* v. *McCormick*, 132 Ill. 104, criticised.)

2. SAME—*mortgagee may sue grantee who has agreed to pay incumbrance.* A mortgagee may bring assumpsit in his own name against a grantee of the mortgagor to recover the amount of a note evidencing a debt secured by a mortgage, which the grantee in his deed has assumed and agreed to pay.

3. MORTGAGES—*agreement to pay encumbrance creates personal liability.* The purchaser of encumbered property who assumes and agrees to pay the encumbrance as part of the consideration is personally liable to the holder of the encumbrance.

4. SAME—*mere assumption of mortgage by grantee does not release the mortgagor's liability.* The mortgagor and his grantee, who assumes the payment of the mortgage, are both liable to the mortgagee as principal debtors, unless the latter has released the mortgagor from liability and agreed to look solely to the grantee for payment.

5. EVIDENCE—*identity of mortgage assumed may be shown by parol.* Where the encumbrance assumed by the purchaser of several tracts of land is stated in a lump sum, parol evidence is admissible to show that a mortgage upon one of the tracts, securing a note which the holder is endeavoring to collect from the purchaser of the land, is embraced within the encumbrance assumed.

*Webster* v. *Fleming*, 73 Ill. App. 234, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

This is an action of assumpsit, originally brought by the appellee, William Fleming, against the appellant, William E. Webster. A demurrer was filed to the original declaration and sustained. A demurrer was also filed to the declaration, after it had been amended, and sustained.

The declaration, as finally amended, alleges that "William Fleming, plaintiff, * * * complains of William E. Webster, defendant." Several pleas were filed to the declaration, some of which were demurred to, and the demurrers were sustained. Pleas, however, were finally framed to which all demurrers were overruled, and replications were filed thereto; and the cause was put at issue. By agreement a jury was waived, and the cause was submitted for trial to the court without a jury. Upon the trial, appellee submitted to the court nine propositions to be held as law in the decision of the case, all of which were marked "held" by the court, to which action of the court the defendant excepted. The defendant submitted to the court five propositions to be held as law in the decision of the case, of which the first, the second and fifth were refused, and the third and fourth were held by the court after having been modified, to which refusal and modification the defendant excepted. The finding of the court was in favor of the plaintiff below, the present appellee. Motions for new trial and in arrest of judgment were overruled, and exceptions were taken to the orders so overruling them. Judgment was thereupon entered in behalf of the plaintiff for $1268.89 and costs. An appeal was taken to the Appellate Court. In the Appellate Court the appellee remitted the sum of $120.55 from the judgment of the lower court; and, thereupon, the Appellate Court affirmed the judgment of the lower court for $1148.34 and costs. The present appeal is prosecuted from such judgment of affirmance.

The declaration alleges substantially, that, on December 17, 1890, John J. Shutterly, being the owner of lot 7, and four other lots, in block 19, in Mallette & Brownell's subdivision of Auburn Park in Cook county, sold and conveyed the same by warranty deed to the appellant, William E. Webster; that in this warranty deed the grantee, Webster, assumed and agreed to pay, as a part of the consideration for the five lots, encumbrances on said lots

amounting to $19,860.00 with interest after September 1, 1890, besides an alley assessment of $100.00 and taxes of 1890; that this encumbrance secured promissory notes, executed by Shutterly, amounting to the sum aforesaid with interest as aforesaid; that among these notes was one for $860.00, bearing date August 9, 1889, payable on or before four years after date to the order of Mallette & Brownell with interest at the rate of six per cent per annum, payable semi-annually, and after maturity to bear interest at the rate of eight per cent per annum; that, thereafter, said note was duly endorsed by the payees, Mallette & Brownell, and for a valuable consideration assigned to the appellee, William Fleming, who is now the holder and legal owner thereof; that said note was secured by a trust deed on said lot 7, described in the deed from Shutterly to Webster; that said deed conveying the said five lots including lot 7, was executed and delivered by Shutterly to Webster, and accepted and recorded by him; that, in and by the said deed, Webster assumed and agreed to pay said note for $860.00, together with interest thereon from September 1, 1890, as part of the consideration therefor in the following words: "Subject, however, to encumbrances thereon to the amount of $19,860.00 with the interest since September 1, 1890, which encumbrances the said party of the second part assumes and agrees to pay as a part of the above named consideration;" that there were no other encumbrances on the said lot, except said notes and trust deeds, executed by said Shutterly, amounting to $19,860.00; that, thereby, Webster became liable to pay said note for $860.00 to the legal holder thereof, at maturity, but failed to pay the same; that this suit is brought by William Fleming, plaintiff, to recover the amount of said note, against William E. Webster, defendant.

The second count of the amended declaration alleges the same facts, and avers in effect that, by the assumption clause in the deed, Webster undertook and promised

to pay, and became liable to pay, to William Fleming, plaintiff, the $860.00 note, and, not having so paid it, William Fleming brings this suit against Webster for the amount of that note; that said note sued on was part of the encumbrances assumed by Webster.

Of the three special pleas filed, the first set forth, that under the deed the defendant was entitled to possession of the property, but was deprived of the same for a period of six months after the date of the deed, whereby he lost the use and occupation of the premises and was thereby damaged $2000.00. The second special plea avers that, by the terms of the deed from Shutterly to defendant, defendant was only bound to pay $19,860 00 of encumbrances, but was compelled to pay and did pay $1000.00 for a special assessment upon the property, and that, having already paid more than $19,860.00 of encumbrances, he is not liable for said note of $860.00. The third special plea averred, that the note for $860.00 was secured by trust deed on one of the lots described in the deed from Shutterly to Webster, and that subsequently thereto Webster sold and deeded this lot to George M. Reed, and that, in the deed to Reed, Reed, the grantee, assumed and agreed to pay this $860.00, and had paid interest on the note to plaintiff, and was accepted as the debtor, and arrangements were made with him to pay the note of which defendant had no notice.

JAMES A. FULLENWIDER, and JOHN M. HAMILTON, for appellant.

JONES & STRONG, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The main contention between the parties to this litigation has reference to the manner of bringing the suit. It is claimed by the appellant, that the suit should have been brought in the name of John J. Shutterly for the

use of William Fleming, and not in the name of William Fleming alone. It appears that the original *præcipe* and summons were entitled "William Fleming *vs.* William E. Webster," and that, in the declaration as finally amended, William Fleming, plaintiff, complained of William E. Webster, defendant. But the clerk, in entering up the judgment, entered it under the title of "John Shutterly for the use of Fleming," instead of entering it in the name of Fleming alone. Counsel for appellant say in their brief: "From an examination of the pleadings and history of this case, * * * it seems perfectly apparent, that the attorneys on both sides, and the trial court, pleaded and tried this case, from the time defendant's demurrer was sustained to plaintiff's original declaration down to the entry of the judgment, as a case wherein William Fleming was the sole plaintiff, suing in his own name and in his own right. This being so, the entry of the judgment by the clerk of the trial court in favor of 'John J. Shutterly for the use, etc.,' was unauthorized, and simply a mistake of the clerk." Was the suit properly brought in the name of William Fleming? Shutterly had mortgaged the property to secure notes payable to the order of Mallette & Brownell, and subsequently sold the property to the appellant, Webster. In the warranty deed executed by Shutterly to Webster, Webster assumed and agreed to pay the encumbrances upon the five lots, among which was the note and trust deed for $860.00 upon lot 7. When a mortgagor thus executes a deed, by the terms of which the grantee in the deed assumes and agrees to pay an outstanding encumbrance, and where such grantee accepts a deed with such assumption clause in it, can a mortgagee in his own name sue the grantee in an action at law, or must the suit, if at law, be brought in the name of the mortgagor for the use of the mortgagee against such grantee?

It is well settled that, where one person enters into a simple contract with another for the benefit of a third

person, such third person may maintain an action for the breach, and such a contract is not within the Statute of Frauds. In line with this principle we have held that, "where a person becomes the purchaser of real estate by deed, which, at the time, is encumbered by mortgage, and in the deed conveying the property it is stipulated and agreed that the purchaser assumes and agrees to pay the mortgage as a part of the consideration, the contract creates a personal liability on the purchaser in favor of the holder of the mortgage, which may be enforced in an appropriate action." (*Thompson* v. *Dearborn*, 107 Ill. 87, and cases there cited). In *Dean* v. *Walker*, 107 Ill. 540, where the action was assumpsit, brought by one of the grantees from the original mortgagor for the use of the mortgagees against the subsequent grantee, whose deed contained such an assumption clause as is above set forth, the court said (p. 544): "The law may be regarded as well settled, where A has given a mortgage on a tract of land to B, and subsequently conveys to C, the deed containing a contract that C assumes the mortgage and agrees to pay the same, that B may compel the grantee to pay the mortgage indebtedness, either by a suit at law or by a bill in equity foreclosing the mortgage, and obtain a personal decree against the mortgagor and the purchaser of the mortgaged premises, for any deficiency. * * * No reason is perceived, which will prevent the mortgagee, for whose benefit the clause in the deed is inserted, from maintaining an action upon such a contract against the grantee." In *Bay* v. *Williams*, 112 Ill. 91, this court endorsed and approved of the case of *Dean* v. *Walker*, 107 Ill. 540, and said (p. 96): "It has ever been held by this court, that such a promise inures to the benefit of the person for whose benefit it is made, and the right to sue is vested in him by force of the agreement itself. It has never been held by this court, that the express assent of the beneficiary is essential to his right to avail of its benefits; nor has it been held, to have force as an agree-

ment to the person in whose favor it was made he must discharge his debtor, and accept the maker of the new promise as his debtor. On the contrary, it was held in *Dean* v. *Walker, supra,* that the mortgagee might sue either the mortgagor or his grantee assuming to pay the debt. Nor has it been held that the promise of the grantee to the mortgagor is a mere indemnity of the latter against the payment of the mortgage. On the contrary, this court has uniformly held that the beneficiary may sue at law, which repudiates the doctrine of indemnity, as the person for whose benefit the promise is made can never reach an indemnity or security given to his debtor but in chancery, and then only when his debtor is insolvent, or on some other equitable grounds. The principle upon which this court has acted is, that such a promise invests the person for whose use it is made with an immediate interest and right, as though the promise had been made to him." Again in *Schmidt* v. *Glade,* 126 Ill. 485, we said (p. 490): "This deed recites, that it is subject to the encumbrances on the property and to the liabilities of the firm, and that the party of the second part thereto, who is the appellant in this case, assumes and agrees to pay such encumbrances and liabilities. The deed was delivered to appellant and accepted by him. The law is, that, where such a deed poll is accepted by the grantee, he is liable in an action of assumpsit to pay the liabilities therein mentioned." In *Fish* v. *Glover,* 154 Ill. 86, it was again held that, where there is a conveyance of mortgaged property by the mortgagor to one who assumes and agrees to pay the mortgage debt by the terms of the deed executed to him, the mortgagor and the grantee are both liable to the holder of the note and mortgage as principals. (*Crandall* v. *Payne,* 154 Ill. 627; *Union Life Ins. Co.* v. *Hanford,* 143 U. S. 187; *Daub* v. *Englebach,* 109 Ill. 267; *Jones* v. *Foster,* 175 id. 459). In *Daub* v. *Englebach, supra,* where it was held that a person who purchases land, and agrees to pay off an encumbrance on the same as a part of the purchase price,

is liable to the holder of the lien for the sum due him, we said (p. 271): "Even if the mortgage was rendered void, he, in equity, is still liable to pay the debt. He agreed to do so, and, even if the mortgage was rendered void, that did not cancel the debt, nor did it release him from his legal liability to pay it."

But, while it is admitted that the parties, for whose benefit a contract is made may sue thereon in their own names although the agreement may not be to or with them, yet it is claimed that this rule only applies to simple contracts, and not to contracts under seal. The contention is, that a person, for whose benefit a covenant in a deed is made, cannot sue upon such a covenant, unless he is a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made. It was, however, expressly held in *Dean* v. *Walker, supra,* that the rule is equally applicable whether the contract is a contract under seal or a simple contract. In that case we said (p. 546): "But it is said a third party cannot bring an action in his own name on a contract under seal between third parties; and in support of this, *Moore* v. *House,* 64 Ill. 162, is cited and relied upon. In the case cited, it was held that a covenant cannot be sued upon by the person for whose benefit it is made, if he is not a party to the deed. In the same case it is also held that, where a contract not under seal is entered into by two for the benefit of a third person, it is a general principle the latter may sue thereon in his own name, although the agreement may not be directly to or with him. What is said in relation to an action on a sealed instrument is merely a reiteration of the common law rule on that subject when the case was decided, but, since that case was decided, the rule of the common law on that subject has been changed by section 19, chapter 110 of the Revised Statutes of 1874, page 776, so that now it is immaterial, for the purpose of bringing the suit, whether the contract is under seal or not. Chitty, in his work on Pleading,

(vol. 1, p. 4), says: 'If the instrument be not under seal, it seems to be a general principle that the party for whose sole benefit it is evidently made, may sue thereon in his own name, although the engagement be not directly to or with him.' As our statute has, therefore, abolished the distinction between contracts under seal and those not under seal, (except penal bonds), so far as bringing an action on such contracts is concerned, the law, as declared by Chitty, applies as well to contracts under seal, as to those not under seal."

It seems, however, to be assumed by counsel for appellant, that the case of *Dean* v. *Walker, supra,* in so far as it holds that there is no difference between simple contracts and contracts under seal, has been overruled by the case of *Harms* v. *McCormick,* 132 Ill. 104. In the latter case the following statement is made: "The language used in *Dean* v. *Walker,* 107 Ill. 540, to the effect that, since the passage of the act, it is immaterial, for the purpose of bringing a suit by a third person upon a provision for his benefit in a contract made between other persons, whether such contract is under seal or not, is mere *obiter dictum,* as that question was not there involved." The remark in *Harms* v. *McCormick, supra,* that the holding of the court upon this subject in *Dean* v. *Walker, supra,* was mere *obiter dictum,* was unnecessary to the decision of the case in hand. The facts in *Harms* v. *McCormick, supra,* were entirely different from the facts in the case at bar, and in cases of like character with the case at bar. In the *Harms case* the action was assumpsit on a lease between McCormick for himself, and as agent for certain other parties, which lease was signed by McCormick alone in his own individual name and by the lessees; and which provided that the lessees covenanted and agreed with McCormick, his heirs, executors, administrators and assigns, to pay him, as rent for said premises, a certain sum of money. There, the covenanters did not agree to pay any debt to the persons for whom McCormick was acting as agent, or to pay

any debt due to third persons. The decision in the *Harms case* states, that the covenant to pay rent, as contained in the lease in that case, was not such as would authorize appellants to sue for and recover in their own names, even if the contract had not been under seal. Although the language used in *Harms* v. *McCormick*, *supra*, may have weakened, in the mind of the profession, the force of the decision upon this subject in *Dean* v. *Walker*, *supra*, yet, after a further consideration of the matter, we are inclined to hold, that the views, as expressed in the latter case, are correct, and that the rule in question applies as well to contracts under seal as to simple contracts.

The ground upon which the *Harms case* proceeds, is, that section 19 of the Practice act—which provides that "any deed, bond, note, covenant or other instrument under seal (except penal bonds) may be sued and declared upon or set off as heretofore, or in any form of action in which such instrument might have been sued and declared upon or set off if it had not been under seal, and demands upon simple contracts may be set off against demands upon sealed instruments, judgments or decrees" —only abolished the distinction between sealed and unsealed instruments, so far as the form of action was concerned. In other words, the *Harms case* takes the ground that section 19 did not purport to abolish the distinction between sealed and unsealed instruments, but merely provided additional forms of action for the enforcement of rights predicated upon such sealed instruments. This may be admitted to be correct, but the rule, that a third party cannot bring an action in his own name on a contract under seal between third parties, where he is not a party to such contract under seal, is a rule which grows merely out of the requirements of the common law in relation to forms of action. Where the reason of a rule fails, the rule itself ceases.

At common law, only an action of covenant or debt could be brought upon a sealed instrument. The rule

that, when one person covenants with another to pay
money to or perform some act for the benefit of a third
person named in the deed, the action must be brought in
the name of the covenantee in the deed, and cannot be
maintained by the third person in his own name, even
though he is a party in interest, and even though it is
expressly stated to be for his benefit, has its origin in
the nature of the action of covenant, inasmuch as only
a party to the instrument under seal can bring an action
of covenant or debt. (5 Ency. of Pl. & Pr. pp. 343, 345,
352, 357, 358, and cases referred to in notes; *Hager* v. *Phil-
lips,* 14 Ill. 260; *Gautzert* v. *Hoge,* 73 id. 30; *Moore* v. *House,*
64 id. 162).

In *Hendrick* v. *Lindsay,* 93 U. S. 143, Mr. Justice Davis,
speaking for the Supreme Court of the United States,
said: "It is also argued, as Mansfield's name does not
appear in the letters of Hendrick, that he could not join
in this action. This would be true, if the promise were
under seal, requiring an action of debt or covenant; but
the right of a party to maintain assumpsit on a promise
not under seal, made to another for his benefit, although
much controverted, is now the prevailing rule in this
country.—1 Parsons on Contracts, (6th ed.) 467, and cases
cited." That is to say, the person for whose use the
money is to be paid, or the act to be done, cannot bring
the suit in his own name where the instrument is under
seal, because of the necessity of bringing an action of
debt or covenant upon such instrument. The action of
debt or covenant requires the suit to be brought in the
name of the party to the sealed instrument, with whom
the covenant is therein made. Parsons, in his work on
Contracts (vol. 1, 6th ed. p. 468), says: "Where the promise
is made under seal, and the action must be debt or cove-
nant, then it must be brought in the name of the party
to the instrument, and a third party, for whose benefit
the promise is made, cannot sue upon it." As the rule,
which forbids the party, for whose benefit the money is

to be paid or the act is to be performed, from bringing an action in his own name, has its rise in the nature of the actions of debt or covenant, the rule can have no application where an action of assumpsit is substituted for an action of debt or covenant, so far as the remedy upon sealed instruments is concerned. "Where one promises another for the benefit of a third person, such person may maintain an action of assumpsit in his own name. Where one covenants * * * with another to do any act for the benefit of a third, the rule differs from that in assumpsit, and the action cannot be maintained upon such covenant in the name of the third person for whose benefit it was made." (*Hinckley* v. *Fowler*, 15 Maine, 289; *Packard* v. *Brewster*, 59 id. 404). As was said by this court in *Eddy* v. *Roberts*, 17 Ill. 505, where one enters into a simple contract with another for the benefit of a third, such third person may maintain an action for breach. At common law, all contracts not under seal were deemed to be in parol, and were called simple contracts. Simple contracts, under the common law, included written, as well as oral agreements, and are distinguished from special contracts simply by the fact that they are not under seal. (7 Am. & Eng. Ency. of Law—2d ed.—pp. 94, 95).

Section 19 of the Practice act says that any instrument under seal (except penal bonds), may be sued and declared upon in any form of action in which such instrument might have been sued or declared upon if it had not been under seal, and demands upon simple contracts may be set off against demands upon sealed instruments. Undoubtedly, the action of assumpsit, under the statute, can be brought upon a sealed instrument wherein one covenants for another to do an act for the benefit of a third person. The requirement in an action of covenant, that the suit must be brought in the name of a party to the sealed instrument, does not obtain where the action of assumpsit takes the place of the action of covenant or debt. If such third person may bring an action of as-

sumpsit in his own name upon a simple contract, it can make no difference in his right to do so, that the contract is under seal, in view of the provision of our statute. "There has  *  *  *  long been a growing tendency, in the decisions of the courts, to permit the beneficiary to enforce his rights by direct action in his own name." (5 Ency. of Pl. & Pr. p. 358, note 1). The weakening of the rule as to the distinction between simple contracts and contracts under seal, so far as the forms of action to be brought upon them are concerned, is seen in the provision of section 19, which permits demands upon simple contracts to be set off against demands under sealed instruments. We have also held that, where an action is brought by a person in his own name for a debt due to him for the use of another, the defendant can set off a demand against the *cestui que trust*. (*Rothschild* v. *Bruschke,* 131 Ill. 265).

In *Rogers* v. *Gosnell,* 51 Mo. 466, the court say: "It seems to be well established that a party for whose use a contract, or a stipulation in a contract, is made, may maintain suit in his own name on such stipulation.  *  *  *  Old authorities maintain that this can only be done on contracts not under seal.  *  *  *  By recent decisions in New York it is laid down that no such distinction exists. I see no good reason for keeping up this sort of distinction between contracts under seal and not under seal. If the covenant is made for the benefit of a third person, why is he not a party to it so as to maintain an action in his own name?  *  *  *  It does not follow that, because the trustee is allowed to sue in his own name on such contract, the beneficiary is precluded from doing so. A recovery by either would be a bar to another action, whether brought by the trustee or beneficiary."

In *Coster* v. *Mayor of Albany*, 43 N. Y. 399, the court say: "It is settled in this State that an agreement made on a valid consideration, by one with another, to pay money to a third, can be enforced by the third in his own name.

And though a distinction has sometimes been made in favor of a simple contract, it is now held that when the agreement is in writing, and under seal, the same rule prevails. Nor need the third person be privy to the consideration. Nor need he be named especially as the person to whom the money is to be paid." In *Coster* v. *Mayor of Albany, supra,* it was held, not only that a grantee of mortgaged premises, who takes them subject to the lien of the mortgage, and by words in the deed of conveyance to him assumes to pay, is personally liable to the holder of the mortgage for the amount of the mortgage debt, but also that the action may be maintained in the name of the holder of such debt although he be not named in the deed.

In *Emmitt* v. *Brophy,* 42 Ohio St. 82, the court said: "It is settled in this State that an agreement made on a valid consideration by one person with another, to pay money to a third, can be enforced by the latter in his own name. Nor need he be named especially as the party to whom the money is to be paid.   *   *   *   The proposition that the rule   *   *   *   is confined in its operation to simple and unsealed contracts is not well founded."

In *Bassett* v. *Hughes,* 43 Wis. 319, the court say:   "It is settled in this State that, when one person, for a valuable consideration, engages with another to do some act for the benefit of a third person, the latter may maintain an action against the former for a breach of such engagement.   This rule applies as well to covenants under seal as to simple contracts." (*McDowell* v. *Laev,* 35 Wis. 171).

In *Hughes* v. *Oregon R. etc. Co.* 11 Ore. 437, it is said: "A party for whose benefit a contract is made, and who thereby becomes the real party in interest, may sue upon it. It makes no difference that the contract is under seal." (7 Am. & Eng. Ency. of Law,—2d ed.—p. 109, and cases in notes; *Hume* v. *Brower,* 25 Ill. App. 130). In the latter case Mr. Justice PLEASANTS says: "It has long been settled that a third party may sue on a simple contract entered

into by others for his benefit, and upon such an agreement to pay all the debts of one party, any creditor of such party may maintain an action. (*Shober* v. *Kerting,* 107 Ill. 344; *Snell* v. *Ives,* 85 id. 279). The old distinction, with reference to this right, between simple contracts and specialties, is abolished by section 19, chapter 110, of the Revised Statutes."

In view of the considerations already presented, we are of the opinion, that the present suit was properly brought in the name of Fleming, the holder of the encumbrance, against Webster, the grantee of Shutterly, the original mortgagor. It is true that, in *Dean* v. *Walker,* 107 Ill. 540, the suit was brought in the name of a remote grantee of the mortgagor for the use of the holders of the encumbrance against a grantee from such remote grantee. But the attention of the court does not seem to have been called to the particular form in which the suit was brought. The reasoning of the court is in line with the views hereinbefore presented, and the case cannot be regarded as conclusive authority in favor of bringing the suit in the name of the mortgagor for the use of the mortgagee, instead of bringing it in the name of the mortgagee or the holder of the encumbrance. Inasmuch as the judgment in this case was entered by mistake of the clerk in the name of "John J. Shutterly for the use of William Fleming" against William E. Webster, it would, under other circumstances, be necessary to reverse the judgment of the Appellate Court, and remand the cause to the superior court of Cook county, with directions to that court to enter a judgment in favor of William Fleming in his own name against William E. Webster. But, inasmuch as the case, by agreement of the parties made in open court, was submitted to the court for trial without a jury under the title of "John J. Shutterly for the use of William Fleming *vs.* William E. Webster," the appellant is estopped from complaining of the error in the entry of the judgment. Indeed, the whole contention of

the appellant in this case is, that the entitling of the suit in the name of Fleming alone was erroneous, and that the suit should have been brought, and the declaration should have been filed, in the name of "Shutterly for the use of William Fleming."

Propositions, submitted by the appellee to the trial court and held as law in the decision of the case, embodied the views hereinbefore expressed, and, in view of what has been said, these propositions cannot be regarded as erroneous. Propositions 1 and 2 submitted by the appellant to the trial court, and refused by that court, embodied opposite views from those taken herein, and, in view of what we have said, there was no error in refusing such propositions.

Counsel for appellant complain, that the court below permitted the witness Shutterly to state in answer to a question by plaintiff's counsel, that the encumbrance upon lot 7, securing the note for $860.00 for which this suit is brought, was embraced in the encumbrances amounting to $19,860.00, which the appellant assumed and agreed to pay, as a part of the consideration for the transfer to him by Shutterly. Appellant objected to the question which called out this testimony, and took exception to the order of the court overruling the objection. The alleged ground for the objection is, that it was incompetent to prove by oral testimony the fact thus drawn out. In propositions 3 and 4 asked by the appellant and held by the trial court after the same were slightly modified, the court held that the assumption clause in a deed, whereby the grantee agrees to assume and pay encumbrances upon real estate must describe and identify the particular encumbrance sued for as included in that assumed by the grantee in the deed. Undoubtedly, the encumbrance must be specifically described in the assumption clause in the deed to clearly identify it as a part of the encumbrances assumed. But the encumbrances assumed in this case were specifically identified by the assumption clause al-

ready referred to. As the encumbrances rested upon the
real estate transferred, it was an easy matter, by refer-
ence to the record, to identify them. There was no error
in introducing oral testimony to show, that the trust
deed, securing the note for $860.00, was the particular
encumbrance which rested upon lot 7, lot 7 being one
of a number of lots, upon which all the encumbrances,
amounting to $19,860.00, rested. Jones in his work on
Mortgages (vol. 1,—5th ed.—sec. 740*a*) says, that "the
identity of the mortgage assumed, when left in doubt by
the terms of the deed, may be shown by parol evidence."

It was claimed by appellant, upon the trial below,
that, when he purchased the premises of Shutterly, Mal-
lette & Brownell, payees in the note for $860.00, stated
to him that Seventy-fourth street would be opened along-
side of the lots in question without expense to the prop-
erty owners, but that such street has not been opened,
and thereby the lots purchased by appellant were dam-
aged, and of less value than they otherwise would have
been. There is no evidence, going to show that appellee,
Fleming, to whom Mallette & Brownell transferred the
note, had any notice or knowledge of any such promise
by Mallette & Brownell. It also appears that the note
was transferred to Fleming before its maturity. We do
not, however, deem it necessary to discuss the question
whether this defense, if it is a defense, could be set up as
against the present appellee. Appellant complains, that
the court refused to hold as law the fifth proposition
submitted by him, which announced, in general terms,
that the suit by a holder of an encumbrance against the
grantee from the mortgagor who has assumed and agreed
to pay the encumbrance, is subject to the same defenses
by the grantee as he would have, if the original grantor
in the deed were suing for purchase money. Without
determining, whether this proposition stated a correct
principle of law or not, it is sufficient to say, that it was
inapplicable to the facts of the case, and, therefore, prop-

erly refused. In the first place, the proof shows that the promise in question was made, if made at all, by Mallette of the firm of Mallette & Brownell, and was not made by Shutterly, appellant's grantor. In the second place, whatever agreement Mallette may have made in reference to opening the street was merely a conditional agreement. If Seventy-fourth street was to be opened, it was to be done by a condemnation proceeding instituted by the city. The promise made by Mallette was conditioned upon the facts, that he and his partner should obtain certain quit-claim deeds to one-half of the property through which the street was to be opened, and that they should themselves collect such damages as might be awarded to them when the city should take the property. The proof fails to show, that such quit-claim deeds were obtained, or that such damages were allowed to Mallette & Brownell. Therefore, in regard to this defense we agree with the Appellate Court when they say: "Waiving the question whether appellant could legally claim damages in the present suit on account of the alleged representations of Mallette & Brownell, the proof * * * fails to show a breach or falsity of the alleged representations."

Appellant also claims that, after his purchase of the property from Shutterly, he transferred the property to one Reed, and that, in the deed executed by him to Reed, Reed assumed and agreed to pay said encumbrances, including that which secured the note for $860.00, as a part of the purchase money. The fact, that Reed assumed the payment of the encumbrances in the manner thus stated, did not relieve appellant from his obligation to pay them. The mortgagor and the grantee from the mortgagor, who assumes the payment of the encumbrances upon the property, are both liable as principal debtors to the mortgagee, unless the latter has released the mortgagor from his liability, and has agreed to look solely to the purchaser from him for payment of the mortgage debt. (1 Jones on Mortgages, sec. 741, 742 *a; Fish* v. *Glover, supra;*

*Dean* v. *Walker, supra).*   There is no evidence here, that the holders of the encumbrances, which were assumed, released appellant from his liability, or agreed to look to Reed alone for the payment of the mortgage debt. There is nothing to show that there was a substitution of Reed's obligation for that of appellant's obligation.

So far as the delay in the delivery of the possession, as set up in the first plea, is concerned, no action of the court upon that subject is called to our attention by counsel for appellant in their briefs; and no complaint is made of any ruling of the court below upon the question of possession.   We, therefore, dismiss it without comment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*