## Taylor A. Snow v. Joseph W. Merriam et al.

### Gen. No. 13,267.

1. ASSUMPSIT—*when promise to pay will be enforced.* A promise to pay upon receiving a conveyance of real estate from A is enforceable notwithstanding the conveyance in question was made by B, who held the nominal title to such real estate for A who was the legal and equitable owner thereof.

2. MOTION IN ARREST—*what reached by.* A motion in arrest of judgment, like a general demurrer, reaches only matters of substance.

3. COMMON COUNTS—*when recovery may be had under.* Where nothing remains to be done but the payment of money, recovery may be had under the common counts.

4. AFFIDAVIT OF AMOUNT DUE—*what not essential to entry of judgment upon.* In an action of assumpsit where the declaration is accompanied by an affidavit of amount due, a judgment may be entered in favor of the plaintiff where the plea filed is not supported by an affidavit of merits, without the formality of striking such plea from the files.

5. AMENDMENT—*when court justified in refusing leave to verify plea.* The court is justified in refusing leave to verify a plea where no affidavit or showing accompanies the motion.

6. ASSESSMENT OF DAMAGES—*when action of court in making, without a jury, cannot be complained of.* An assessment of damages by the court without a jury cannot be complained of where no request was made for a jury and no exception taken to the failure to call a jury.

Assumpsit. Appeal from the County Court of Cook County; the Hon. WILLIAM C. DEWOLF, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed May 13, 1907.

. **Statement by the Court.** March 26, 1906, the appellees, Joseph W. Merriam and Charles A. Phelps, sued appellant in assumpsit. The declaration, filed April 2, 1906, consists of two special counts and the common counts. In the first count an agreement in writing between Taylor A. Snow, party of the first part, and Thomas R. Cravens, party of the second part, is set out in full. The agreement is dated June 14, 1904, and is signed and sealed by the parties thereto. It is recited in it, in substance, that about March

41

16, 1904, Cravens and Charles E. Rollo entered into an agreement, whereby, among other things, said Rollo agreed to convey to said Cravens 19 lots, describing them, and that said agreement was assigned by Cravens to Snow, and that, in consideration of said assignment said Snow agreed, among other things, that when he had received title to said lots from Rollo, he would pay and satisfy to Merriam and Phelps the sum of $500. It is then averred that, September 30, 1904, the defendant, Snow, received title to said lots, by warranty deed from Louis C. Rollo and wife for Charles E. Rollo, by means whereof the defendant became liable to pay, etc.

The second special count does not differ materially from the first.

Attached to the declaration is the following affidavit, sworn to March 24, 1906: "Joseph W. Merriam, plaintiff in this suit, being duly sworn, says that the demand of the plaintiffs in the above entitled cause is for money due on a certain contract declared on in this suit, and for interest thereon, and that there is due to the plaintiffs, from the defendant, after allowing to him all just credits, deductions and set-offs, four hundred and thirty-three dollars."

April 6, 1906, the defendant filed a plea of the general issue, unaccompanied by any affidavit. May 23, 1906, the court, on motion of the plaintiffs' attorneys, struck defendant's plea from the files. May 24, 1906, a motion of the defendant for leave to file a plea in the cause was continued till May 26, 1906, and, May 26 the court overruled said motion, and after further hearing, assessed the plaintiffs' damages at the sum of $433, and rendered judgment for that sum, after overruling defendant's motions for a new trial and in arrest of judgment, from which judgment this appeal is.

Augustus N. Gage, for appellant.

Merriam & Phelps, for appellee; J. W. Merriam, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

There are twenty-five assignments of error by appellant, but we will consider only such as are argued, considering all others waived.

Counsel for appellant contend that no action can be maintained by appellees on the promise to pay appellees appearing in the contract set out in the declaration.   The promise is in these words:   "And it is further agreed that when the said party of the first part has received the title to the said above described premises from Charles E. Rollo, said party of the first part is to pay and satisfy Merriam and Phelps, the sum of five hundred dollars."   The appellant is the "party of the first part."   It is then averred "that on, to-wit, the 30th day of September, 1904, at Cook county, the defendant received the title to the said nineteen lots described in said contract, by warranty deed from Louis C. Rollo and wife to said defendant, for said Charles E. Rollo." Counsel for appellant objects that, by the contract declared on, the conveyance to the defendant was to be from Charles E. Rollo, and the declaration avers that the defendant obtained the title from a different source, namely, from Louis C. Rollo and wife; also that it does not appear that Cravens, who contracted with Charles E. Rollo, performed his part of the contract, which was to convey certain lots.   The promise sued on was to pay Merriam and Phelps, when he, appellant, should receive title to the lots, and it is averred that he received title from Louis C. Rollo and wife for Charles E. Rollo.   Under this averment, proof would be admissible that Charles E. Rollo was the real owner of the lots, the beneficial and equitable owner, and that Louis C. Rollo was merely the nominal owner, and held the legal title for Charles E. Rollo, and that the conveyance was made by Louis C. Rollo and wife to appellant, by the direction of Charles E. Rollo, which would be, so far as appellant's rights under the contract are concerned, substantially a conveyance by Charles E. Rollo, or that Charles E. Rollo conveyed the lots to Louis C. Rollo, and the latter, by direction of the former, conveyed them to appellant.

A motion in arrest of judgment, like a general demurrer, reaches only matters of substance, and we find no objection of appellant to the declaration good on motion in arrest of judgment. If the promise was made, as averred in the declaration, and the conveyance to appellant was executed by Charles E. Rollo, nothing remained to be done except payment by appellant of the money promised, and a recovery, on proof of the conveyance and promise, could be had under the common counts. See cases cited in 1 Ill. Cyclopedic Digest, p. 682, par. 25.

Counsel for appellant seems to contend that there can be no recovery by appellees on the alleged promise. We understand the law to be thoroughly settled in this State, and also in other jurisdictions, that if A., for a valid consideration, promises B. to pay money to C., C., for whose benefit the promise is made, may sue A. in his own name. Webster v. Fleming, 178 Ill., 140; Am. Splane Co. v. Barber, 194 ib., 171. In the latter case it is held that the action may be assumpsit, notwithstanding the promise to pay is under seal, and that where nothing remains to be done, except payment of the money to the plaintiff, recovery may be had under the common counts.

The appellees filed an affidavit in support of their action, as heretofore stated, in accordance with section 36 of the Practice Act, and the appellant did not file any affidavit with his plea. Therefore, appellees were, by the express terms of the section, "entitled to judgment as in case of default." It was not necessary for appellees to move to strike the plea from the files. They might, at once, have moved for judgment as in case of default; nevertheless there was no error in striking the plea from the files, as it was one which appellant had no right to file unaccompanied by the affidavit required by the statute.

It is further urged by appellant's counsel that the court erred in refusing to permit appellant to verify his plea. The bill of exceptions shows that May 26, 1906, appellant's counsel moved "for leave to file a verified plea," which motion the court denied. No plea nor any affidavit was pro-

duced or presented to the court by appellant, and the court did not err in overruling the motion.

Lastly, it is urged that the court erred in assessing damages at the sum mentioned in the appellees' affidavit filed with the declaration. Section 37 of the Practice Act expressly provides that, in case of default for want of an affidavit, "the affidavit so filed with the declaration may be taken as *prima facie* evidence of the amount due," etc.

The bill of exceptions contains no exception to the assessment of damages by the court. The following occurred:

The Court: "Finding then on affidavit of claim of plaintiffs for the sum of $433.00. You take an exception?"

Mr. Gage: "Sure, your Honor, I take an exception."

Very clearly this is merely an exception to the finding on plaintiffs' affidavit of claim. Section 40 of the Practice Act provides: "In all suits in the courts of record in this State, upon default, when the damages are to be assessed, it shall be lawful for the court to hear the evidence and assess the damages without a jury, for that purpose." No demand for a jury appears in the bill of exceptions.

Counsel say there was no default. The failure of appellant to file an affidavit with his plea as required by the statute, was a default, and in such case the court is authorized by the statute to enter judgment as in case of default.

The judgment will be affirmed.

*Affirmed.*