## August Torpe, Plaintiff in Error, v. Phillip Jahn, Defendant in Error.

### Gen. No. 16,865.

1. CONTRACTS—*promise for benefit of another.* Where defendant for a valuable consideration has promised another party to pay plaintiff brokerage fees, the latter may maintain an action thereon.

2. PRACTICE—*parties in action on contract under seal for benefit of third party.* Under the Practice Act an action on a promise under seal may be brought in the name of the party for whose benefit the promise is made, though not a party to the instrument.

3. CONTRACTS—*where no consideration between promisor and third person beneficiary.* A valuable consideration for a promise between the principal parties to an undertaking is sufficient to support an action thereon by a third person who is the beneficiary.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1910. Reversed with judgment here. Opinion filed January 27, 1913.

J. M. CAMELON, for plaintiff in error.

AARON HEIMS and RICHARD A. KOCH, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendant in error Jahn, as party of the first part, made a contract in writing under seal with Walter Meier, party of the second part, in which are the following provisions:

"Brokerage Fees to be paid as follows, to-wit:

Party of the first part to pay One Hundred and Seventy Five to August Torpe. Dollars ($175.00).

Party of the second part to pay to August Torpe One Hundred and fifty dollars ($150.00)."

Torpe paid $12.60 for the continuation of Jahn's abstract. He brought an action of the fourth class in the Municipal Court to recover said sums of $175 and

$12.60, the court gave him judgment for $12.60, and he prosecutes this writ of error.

There is in the record no evidence tending to show the terms of the employment of Torpe by Jahn.

In Dean v. Walker, 107 Ill. 540, 545, it was said: "It is a familiar rule, and one well sustained by authority, that where one person, for a valuable consideration, makes a promise to another for the benefit of a third person, such third person may maintain an action upon it." The same rule is announced in Webster v. Fleming, 178 Ill. 40; Harts v. Emery, 184 Ill. 560; Hartman v. Pistorius, 248 Ill. 568; Brown v. Dyer, 7 Cush. (Mass.) 337, quoted with approval in Dean v. Walker, *supra*.

At common law the rule is that where the promise is made under seal and the action must be debt or covenant, then it must be brought in the name of the party to the instrument, but in Webster v. Fleming, 178 Ill. 140, and Harts v. Emery, 184 Ill. 560, it was held that under our Practice Act the action may be brought in the name of the party for whose benefit the promise is made, although the contract is under seal and the language used in Harms v. McCormick, 132 Ill. 104, is criticised in Webster v. Fleming, *supra*. In Cobb v. Heron, 180 Ill. 49, 54, it is said: "Wherever the pleas raise the question of no consideration moving from the appellee for the undertaking of appellant, it is enough to say that privity or consideration between a promisor and a third person, who is a beneficiary, need not exist to support the promise, provided there is a valuable consideration for the promise as between the principal parties to the undertaking. Dean v. Walker, 107 Ill. 540; Day v. Williams, 112 Ill. 91."

We think that the plaintiff was entitled to recover from defendant the $175 the defendant by the terms of his contract with Meier promised to pay him. His right to recover $12.60 is not controverted.

The judgment will therefore be reversed and judgment entered here for the plaintiff Torpe against the

defendant Jahn for one hundred and eighty-seven dollars and sixty cents ($187.60) and his costs in this court.

*Reversed with judgment here for the plaintiff.*