## Mary A. Scholten v. Rosa Barber.

1. SISTER STATE—*presumption as to law of.* In the absence of proof, it will be presumed that the law of a sister state is identical with that of Illinois.

Attachment proceeding. Appeal from the Circuit Court of St. Clair County, the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Heard in this court at the February term, 1904.  Affirmed.  Opinion filed March 17, 1905.

R. M. NICHOLS, GEORGE C. REBHAN and FRANKLIN A. McCONAUGHY, for appellant.

WISE & McNULTY, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

We adopt appellant's statement of the pleading and is- sues: This was an original attachment proceeding, in an action in assumpsit, to recover for a balance alleged to be due from the appellant to the appellee, on a $5,000 promis- sory note given originally to one George N. Cooper, and by him assigned to plaintiff, and which was secured by a deed of trust on real estate.  The deed of trust had been foreclosed, and the proceeds, less expenses, is alleged to have been applied on the note.  The declaration has the common counts, and was accompanied by an affidavit of merits, and two special pleas, setting up a discharge by operation of law.  The state of facts alleged in the special pleas, is substantially that the note sued upon was secured by a deed of trust on real estate, and before maturity the same real estate was conveyed by appellant to one Dexter, and that in the conveyance Dexter expressly assumed the payment of this note and deed of trust; that by subse- quent conveyances the real estate became the property of W. H. Millam; that when the note became due, the then holder of the note, the appellee, entered into a binding contract with the said Millam to extend the payment of the note and right of foreclosure, for a period of three years; that during this period the real estate became greatly reduced in value; that the extension of time of payment was made without the knowledge or consent of the appel- lant; that all the parties to this suit, and to these transac- tions, are and were at the time residents of the city of St. Louis, and State of Missouri, and that the real estate is there situated; that the note was there made and is there payable; that all the transactions took place there; and that

under the law of that state, the above state of facts amounts
to a discharge by operation of law.    This last allegation
occurs in one of the special pleas.    Replications were filed
to the special pleas, confessing part of the allegations, deny-
ing others, alleging nothing in avoidance, and should, per-
haps, have been demurred to, but issue was joined and the
parties went to trial.

The plaintiff offered in evidence the following note:

"$5,000.00.                 St. Louis, Mo., Jan'y 17th, 1894.

Five years after date I promise to pay to the order of
George N. Cooper, Five Thousand Dollars, for value re-
ceived with interest from maturity at eight per cent per
annum.                                MARY A. SCHOLTEN."

"Due Jan'y 17, 1899."

Indorsements on the note:

"The time of payment of this note is hereby extended for
three years from 1-17-'99, at six per cent, provided interest
is paid semi-annually in accordance with notes hereto at-
tached, the name of W. H. Millam."

"J. T. Donovan Real Estate Co., by J. M. Donovan,
V. Pres."

"Without recourse on me, pay to the order of Rosa
Barber."         .                GEORGE N. COOPER."

"February 18th, 1902.    After paying out of proceeds
of sale of real estate under deed of trust securing this note,
the amount due on above mentioned extension interest
notes, there remained a balance of $3,500.00, which is
hereby applied as a credit on this note as of this date.
                        MICHAEL E. SULLIVAN, Trustee."

Thereupon plaintiff rested her case.    It appears from
the evidence offered in support of the special pleas that
appellant executed the note and trust deed to secure the
same as it is alleged in the pleas; that she afterwards con-
veyed the premises by deed to Dexter, who assumed the
debt; that by subsequent conveyances by quit-claim deed

the real estate became the property of William H. Millam; that the note in question was assigned to appellee, by whom it was presented when it fell due to J. T. Donovan (The Donovan Real Estate Company), for collection; that, on Donovan's suggestion an arrangement was made between appellee and Millam, the then owner of the real estate, by which Millam gave to appellee his notes for the semi-annual payment of 6 per cent interest on the original note for a period of three years from the date of the interest notes; that the trust deed was duly foreclosed, the premises sold, and the proceeds applied as a credit on the note. It is contended by counsel for appellant that the assumption of the deed by Dexter, her grantee, relieved appellant as the principal debtor, and that after the deed to Dexter her liability on the note was merely that of a surety, and in consequence, that an extension in the time of payment by the holder of the note, if done without her knowledge or consent, would release her from any liability on the note. Under the law of Illinois where a grantee under a deed of conveyance assumes the payment of a mortgage indebtedness put upon the land by the grantor, he becomes primarily liable as between himself and the grantor or mortgagor, for the payment of the mortgage debt; but as to the rights of the mortgagee or his assigns, both the grantor and the grantee are held as principals, and the holder of the note secured by the mortgage may maintain an action against either. Webster v. Fleming, 178 Ill. 140.

Appellant's special plea alleges a different rule under the laws of the State of Missouri, by which the parties to this suit are to be governed. In reliance upon this defense appellant was bound to allege and prove the law of Missouri; otherwise it will be presumed that the law of Missouri is the same as that of Illinois. The only evidence in support of this allegation of the plea is found in the testimony of R. M. Nichols, page 22 of the abstract. This witness testifies that "It is the common law in the State of Missouri, that where a grantee receives a conveyance of a piece of property, and in the deed, the grantee assumes

and agrees to pay an existing incumbrance, that that contract transforms the relation of the mortgagor, or maker of the note, secured by the deed of trust or incumbrance on the property to that of surety, and by virtue of the contract of assumption of the grantee, he becomes the primary debtor, and the original payor, or mortgagor, becomes a surety.  *  *  *  The extension of an obligation by the holder of it, without the consent of the surety, releases the surety by the law of Missouri." This evidence does not tend to prove that the law in Missouri is different from the law of Illinois, respecting the liability of the grantor and grantee of the mortgaged premises as between themselves. So far as stated the law is the same, and without a showing to the contrary it will be presumed that in Missouri, as in Illinois, the liability of the mortgagor, maker of the note, to the payee or holder thereof, is in no wise affected by the conveyance of the mortgaged premises and the assumption of liability by the grantee in the deed. None of the results of suretyship, as between the grantor and grantee, follow the conveyance so as to affect the rights of the mortgagee or holder of the note. There is no evidence that Millam ever assumed or agreed to pay the original debt; hence the appellant, mortgagor, could never become his surety. Dexter's agreement to pay the debt is not a covenant running with the land binding subsequent grantees to pay the debt. The theory upon which a surety may be discharged, if the principal without his consent extends the time for payment of the debt, is, that he may pay the debt when it becomes due and be subrogated to the rights of the creditor, and proceed at once against the principal. In this case Millam, not being liable on the note, an agreement or arrangement with him to postpone suit or foreclosure of the trust deed, could not, in any way, prevent appellant's paying the debt. Whether she knew or consented to the arrangement is not material, as her rights were not affected by what was done. At most, the arrangement between appellee and Millam, as it appears from the evidence, can only be construed as an agreement not to sue, and not an

agreement to extend the time of payment of the original
debt for which appellant and Dexter are liable, and the
only parties competent to contract with appellee for an ex-
tension of time. As no defense was made by the evidence
the court properly instructed the jury to find the issues
for the plaintiff. The judgment of the Circuit Court will
therefore be affirmed.

*Affirmed.*