## Alice B. Barry, Appellee, v. The Chicago, Indianapolis & St. Louis Short Line Railway Company, Appellant.

1. COVENANTS—*how questions of construction determined.*  Whether a covenant contained in a deed which provides for the construction and maintenance of a culvert or cattle-pass, runs with the land, is to be determined by ascertaining the intention of the parties which is to be arrived at upon a consideration not alone of the language employed but of the facts and circumstances constituting the situation with reference to which such language was employed, and parol evidence is competent for the purpose of disclosing such situation.

2. COVENANTS—*when parol evidence incompetent.*  Parol evidence under the guise of showing the consideration is incompetent to vary or add to the terms of a deed containing a covenant.

3. RAILROADS—*when deed imposes obligation to maintain cattle-guards.*  *Held,* that the deed containing a covenant to erect and maintain a culvert or cattle-pass imposed a continuing obligation upon the railroad, and such convenant ran with the land.

4. DAMAGES—*when incompetent evidence will not reverse.*  The admission of incompetent evidence upon the question of damages will not reverse if the amount of the verdict is amply sustained by competent evidence.

Assumpsit. Appeal from the Circuit Court of Montgomery county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed May 28, 1910.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and JETT & KINDER, of counsel.

AMOS MILLER and LANE & COOPER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit in assumpsit by Alice B. Barry against The Chicago, Indianapolis and St. Louis Short Line Railway Company, to recover damages alleged to have been occasioned by the failure of the defendant to construct and maintain upon its right of way over and across the land of the plaintiff, a culvert of iron pipe six feet in diameter, in pursuance of an alleged covenant therefor contained in the deed executed by the plaintiff for such right of way. A trial of the cause in the circuit court of Montgomery county resulted in a verdict and judgment against the defendant for $800 and this appeal is prosecuted by it to reverse such judgment.

On February 13, 1903, the plaintiff together with her husband, for the expressed consideration of $1300, conveyed by warranty deed to John C. Davie, a strip of land, 150 feet wide, being 75 feet on each side of a certain location line of the defendant railway company, therein described, and also another strip of land 100 feet wide being 50 feet on each side of said location line, all in section 23, town 8 north, range 4 west, in Montgomery county, Illinois. After a particular description of the land so conveyed there appears in said deed, an exception, as follows: "Coal rights reserved. Culvert at survey station 200 X 00 to be of iron pipe 6 feet diameter. A farm crossing to be established by the grantee east of the public road. Grantors to have right to maintain a telephone crossing. Grantee to establish wing fences and cattle guards on said farm crossing. Grantors to

establish gates on said farm crossing when they consider them necessary."

On May 26, 1906, the said John C. Davie, for the expressed consideration of $1 conveyed by warranty deed the same premises to the defendant railway company, which deed contains the following: "This conveyance is nevertheless made subject to the reservation of coal rights and right to maintain a telephone crossing and subject to the stipulations concerning farm crossings, wing fences, cattle guards, and gates as set forth in said deed from Alice B. Barry and husband."

The declaration alleges that the consideration for the deed from plaintiff to Davie was the sum of $1300 then and there paid by the defendant in cash, and further that when said defendant would build its railroad over and across her land it would build and maintain a culvert at survey station 200 X 00 to be of iron pipe 6 feet in diameter under and through the embankment of said railroad at said point, to permit cattle, horses and other live stock to pass across said railroad embankment through said iron pipe, and also to establish and maintain a farm crossing east of the public road over said right of way on the land of the plaintiff; that by the direction and request of the defendant one John C. Davie was named as grantee in said deed and said deed was delivered to the defendant; that, thereafter, in the same year, the defendant took possession of said right of way and constructed its railroad thereon, and has ever since maintained and operated the same, whereby it became and was liable to fulfill and perform the covenants in said deed contained respecting the construction and maintenance of said culvert and farm crossing, and that although requested so to do the defendant has failed and refused to perform said covenants, to the damage of the plaintiff, etc.

It is first urged that the declaration fails to state a cause of action because the damages sought to be recovered arise out of the alleged breach of a covenant in a sealed instrument, to which instrument the defendant was not a party, and because it appears from the deed therein set out that

12        APPELLATE COURTS OF ILLINOIS.

Barry v. Chicago, I. & St. L. S. L. R. Co., 156 Ill. App. 9.

neither the defendant nor the grantee in said deed covenanted to maintain the culvert or cattle pass therein mentioned. The determination of the question thus presented involves a construction of the alleged covenant, and whether or not such covenant shall be held to be one running with the land. The construction to be placed upon the alleged covenant presents a question of law for the court, and such construction so as to effectuate the intention of the parties is to be arrived at upon a consideration not alone of the language employed, but of the facts and circumstances constituting the situation with reference to which such language was employed, and parol evidence is competent for the purpose of disclosing such situation. Gage v. Cameron, 212 Ill. 146. It appears from the competent parol evidence in the record that at the time of the conveyance in question the plaintiff owned and operated a farm consisting of 320 acres, and that the land conveyed by plaintiff to defendant's grantor aggregated about 19 acres within the boundaries of said farm; that the said strip containing about 19 acres extended over and across a tract of 100 acres, then used by the plaintiff as a pasture, and whereby the same was divided so that 35 acres was on the east side of said strip of land and 65 acres was on the west side thereof; that the construction of defendant's railroad on said strip of land necessarily involved the construction of an earth embankment about 25 feet high; that in the absence of a passage-way through said embankment the only means of access from one portion of the pasture to another was by the public highway; that the pasture on the east side of said strip of land was without any water for stock while the pasture on the west side of said strip was provided with water from springs. The evidence further discloses that a culvert having a diameter of two feet extending through defendant's railroad embankment was amply sufficient to afford an adequate drainage of plaintiff's land; that the defendant constructed its embankment on said right of way within a few months after the conveyance of the same by plaintiff to Davie, and about three years prior to the conveyance of the same by Davie to the defendant; that when the

defendant constructed said embankment it caused to be placed therein an iron pipe six feet in diameter at the location designated in the deed and shortly thereafter, when the defendant operated its trains over said embankment, the weight of the embankment together with the operation of trains thereon, crushed said iron pipe so that its diameter at its east and west ends was about $5\frac{1}{2}$ feet, and its diameter at its center was $4\frac{1}{2}$ feet.

Much confusion exists as to the proper statement of the rule whereby a covenant is to be construed as one running with the land, and also as to the particular facts necessary to be shown for the application of such rule. In Dorsey v. St. L. A. & T. H. R. R. Co., 58 Ill. 65, it was said: "A covenant is said to run with the land when either the liability for its performance or the right to enforce it, passes to the assignee of the land itself." In Wiggins Ferry Co. v. O. & M. Ry. Co., 94 Ill. 83, the court quoted with approval a portion of the text from Taylor on Landlord and Tenant, as follows: "In order that a covenant may run with the land, its performance or non-performance must affect the nature, quality or value of the property demised, independent of collateral circumstances, or must affect the mode of enjoyment. It must not only concern the land, but there must be a privity of estate between the contracting parties,—for if a party covenant with a stranger to pay a certain rent, in consideration of a benefit to be derived under a third person, it cannot run with the land, not being made with the person having the legal estate." In the same case the court gave its assent to a statement of the rule, as follows: "Whether a covenant will or will not run with the land does not, however, so much depend on whether it is to be performed on the land itself, as whether it tends directly or necessarily to enhance its value, or render it more beneficial and convenient to those by whom it is owned or occupied." In Gibson v. Holden, 115 Ill. 199, and L. & N. R. R. Co. v. I. C. R. R. Co., 174 Ill. 448, the like form of expression was sanctioned by the court, as was also the statement that in cases falling within

14    APPELLATE COURTS OF ILLINOIS.

Barry v. Chicago, I. & St. L. S. L. R. Co., 156 Ill. App. 9.

such rule every successive assignee of the land will be entitled to enforce the covenant.

The evidence discloses that Davie who was named as grantee in the deed from plaintiff was a mere vehicle for the conveyance of the land to the defendant; that such conveyance was in fact made for the use and benefit of the defendant and at its request; that the defendant paid to the plaintiff the consideration named in said deed, and took possession of the land therein described with full knowledge of the restrictive provisions and covenants in said deed contained. The possession in the first instance by defendant of the land conveyed by plaintiff to Davie was referable solely to such conveyance. If the covenant in question be held to be one running with the land the plaintiff, in our opinion, would be entitled to enforce the same against any subsequent grantee notwithstanding the absence in the covenant of a provision binding the assignees of the covenantor. The covenant, if it should be held to impose a continuing duty upon the defendant, relates to the interest or estate of plaintiff in lands of which the strip conveyed formed a part, and the covenant to construct the culvert through the strip conveyed was clearly intended to, and in fact would, beneficially affect the value and mode of enjoyment of the remaining land of the plaintiff. The language of the particular covenant here involved, viz: "Culvert at survey station 200 X 00 to be of iron pipe 6 feet diameter," taken in connection with the facts and circumstances constituting the situation with reference to which such covenant was entered into, necessarily implies a duty on the part of the covenantor to maintain a culvert of the character and dimension indicated thereby. The words "to be of iron pipe 6 feet diameter," are not only descriptive of the character and dimension of the culvert when constructed, but in the absence of any limitation, they must be held to impose a continuing duty on the part of the covenantor to maintain a culvert of iron pipe 6 feet in diameter. To hold otherwise would render the covenant wholly ineffectual to serve the purpose intended by the parties. The plaintiff was a party to the deed as grantor and covenantee, but if she had not been

THIRD DISTRICT—MAY, 1910.        15

Barry v. Chicago, I. & St. L. S. L. R. Co., 156 Ill. App. 9.

a party thereto and merely one for whose benefit the covenant was made, she would be entitled to bring an action in assumpsit in her own name for a breach of such covenant, notwithstanding the instrument which created the covenant was under seal. Webster v. Fleming, 178 Ill. 140. The declaration is sufficient to support the action and the trial court did not err in refusing to give the peremptory instruction requested by defendant.

It is further urged that the trial court erroneously admitted evidence offered on behalf of the plaintiff of conversations between the plaintiff and her husband and one Duane, the chief engineer of construction in the employ of the defendant, to the effect that the plaintiff should use the culvert as a cattle pass and that the same should be maintained by the defendant as such, which conversations were had prior to the execution and delivery of the deed from plaintiff to Davie. This evidence was offered and admitted upon the theory that such parol agreement by Duane was a part of the consideration moving from the defendant to the plaintiff for the conveyance of the right of way, and plaintiff relies upon the rule announced in Lloyd v. Sandusky, 203 Ill. 621, to sustain the competency of such evidence, and the ruling of the trial court in admitting the same. In the case cited it was held that the statements in a deed of the amount and the receipt of the consideration are formal recitals, the legal operation of which is to prevent a resulting trust, and they may be explained, varied or contradicted by parol evidence, but it was there further held that such evidence was inadmissible for the purpose of affecting the terms of the deed. The evidence admitted in the case at bar did not apply to the consideration alone, but was directed specifically to the terms of the deed, and was therefore inadmissible. The error in this regard, however, could not have operated to the prejudice of the defendant because the construction of the covenant involved was a question of law for the court, and as we have heretofore held, the covenant is one running with the land and imposed the duty upon the defendant of

16 APPELLATE COURTS OF ILLINOIS.

Barry v. Chicago, I. & St. L. S. L. R. Co., 156 Ill. App. 9.

maintaining the culvert as a cattle pass for the benefit of the plaintiff's land.

The measure of damages in the case is the depreciation if any, in the value of plaintiff's land caused by the breach of the covenant involved, and there is competent evidence in the record fixing the amount of such damages at from $900 to $1000.

Some incompetent evidence tending to show certain elements of damage not proper to be considered by the jury, was admitted over the objection of the defendant, but as the damages awarded to the plaintiff are amply supported by competent evidence in the case, the error in admitting such incompetent evidence should not operate to work a reversal of the judgment.

The instructions given at the instance of the plaintiff are not in harmony with the views heretofore expressed with reference to the admission of the evidence affecting the terms of the deed, and some of the instructions tendered by the defendant were modified by the court so that they involved like inaccuracies, and the given instructions taken as a series are in other respects subject to criticism. What we have heretofore said renders unnecessary any further discussion of the instructions tendered by the defendant and refused by the court. The instructions as offered were properly refused.

In the view we take of the case, plaintiff, under the evidence in the record, has established her right to recover substantial damages by reason of the breach by defendant of the covenant involved, and as the amount of such damages according to the proper measure is fully warranted by the evidence, a re-trial of the case for the mere purpose of assessing damages upon a record which shall be free from errors not affecting that issue, would necessarily result in substantially a like verdict and judgment. In such case we are not disposed to reverse the judgment. Finding no error in the record prejudicial to the defendant upon the merits of the controversy here involved, the judgment of the circuit court will be affirmed.

*Affirmed.*