PHILIP BLUMENTHAL *vs.* LOUIS SEROTA.

Cumberland.     Opinion June 3, 1931.

*Abraham Breitbard,*
*Frank H. Haskell,* for plaintiff.
*Israel Bernstein,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

STURGIS, J.   Action of assumpsit against the maker of a promissory note secured by a mortgage of real estate. Upon plea of general issue with brief statement, the defendant has a verdict. The plaintiff brings the case here upon general motion and exceptions.

The Bill of Exceptions shows that on April 3, 1926, the defendant gave the plaintiff his promissory note for three thousand dollars, payable in two years after date with interest at seven per cent, secured by a second mortgage on a parcel of real estate in Portland. Later, the equity of redemption passed through successive grantees to Thomas H. Fahey and Daniel C. Cavanaugh, each successively assuming and agreeing to pay the mortgage debt.

There is evidence tending to show that on or about February 21, 1929, more than six months after the maturity of the note, the plaintiff, having knowledge of the assumption of the mortgage debt by Fahey and Cavanaugh, in consideration of their payment of ten per cent interest for the preceding six months period and their promise to pay a like increased rate for the next half year and an indefinite period thereafter, agreed with them to extend the time for payment of the note for six months. This was without the knowledge or consent of the defendant.

Upon this evidence, a verdict for the defendant would not have been clearly wrong under the rule recently stated in our review of a previous trial of this case. *Blumenthal* v. *Serota*, 129 Me., 188. If a mortgagee, with knowledge of the conveyance of the equity of redemption of a parcel of real estate by the mortgagor and the assumption by the grantee of the mortgage debt, extends the time of payment by a valid agreement between him and the grantee, such extension operates as a discharge of the original mortgagor, unless it is known and assented to by him or his liabilities are preserved by express reservation. The plaintiff can not prevail upon his general motion or his exceptions to the denial of his motion for a directed verdict.

It appears, however, from the charge of the presiding Justice that, at the trial, the defendant presented the further claim that the plaintiff not only assented to the assumpion of the mortgage debt by Fahey and Cavanaugh, but accepted them as his debtors in place of the mortgagor, releasing him from his original liability. If sustained by the proof, this claim also would be a complete defense to this action. Jones on Mortgages (Third Ed.), Sec. 983; 41 C. J., 733; *Webster* v. *Fleming*, 178 Ill., 140; *Bank* v. *Ashton*, 200 N. Y. S., 245; *Urquhart* v. *Brayton*, 12 R. I., 169. Not supported by evidence of probative value, it served, however, only to invite instructions which, though correct as abstract principles of law, were inapplicable to the case for want of testimony upon which they can rest and must be held erroneous. *Witzler* v. *Collins*, 70 Me., 290, 299; *Hopkins* v. *Fowler*, 39 Me., 568.

The plaintiff's exception to the instructions given the jury reaches this error. Read in the light of the language of the charge, the ground of exceptions, stated at the trial and brought forward

in the Bill, are that, there being no evidence that the plaintiff "assented" to the assumption of the mortgage debt by Fahey and Cavanaugh, in the sense of accepting them as his debtors in place of the original mortgagor, that issue was not properly before the jury. The presiding Justice had so used and defined "assent" in his charge, submitting the question of its existence as an independent defense, additional to that which would result from a finding that the mortgagee extended the time for payment of the mortgage debt without the knowledge or consent of the mortgagor. The exception was directed to this instruction only and was noted in sufficiently clear and appropriate language, we think, to leave no reasonable doubt of its intended application. There is no breach of the rule that the excepting party is confined to grounds expressly stated at the trial or contained in his exceptions.

Unfortunately, there is nothing in the record before us to indicate upon which of the two defenses submitted the verdict rests. The jury may have been misled, rendering their verdict under a rule of law here inapplicable. It not appearing as a matter of law that, upon proper instructions, a contrary verdict could not have been properly found, the plaintiff is aggrieved and his second Exception must be sustained. *Colbath* v. *Lumber Co.*, 127 Me., 406; *Starkey* v. *Lewin*, 118 Me., 87; *Coombs* v. *Fessenden*, 114 Me., 347, 354.

*Exceptions sustained.*